WEAVER, APPELLANT, *v.* CARSON, APPELLEE. ▮

(No. 38365—Decided March 29, 1979.)

*Mr. Dennis L. Weaver,* for himself.
*Mr. Arthur L. Smith,* for appellee.

DAY, J. Lawyer James Carson (defendant) was appointed by the court to represent Dennis L. Weaver (plaintiff), an indigent, on the latter's appeal of his criminal convictions.[1] Plaintiff's claims range widely but boil down to malpractice alleged to have occurred during this representation. He sued defendant for it, *pro se.* His complaint was dismissed. Plaintiff assigns three errors allegedly committed by the trial court in ordering the dismissal. These are set out in the margin.[2] Assignments Nos. I and II are treated

---

[1] Plaintiff was convicted of aggravated murder, R. C. 2903.01(A) and attempted aggravated murder, R. C. 2903.01(A) and 2923.03.

[2] *Assignments of Error:*

"I. Court erred in dismissing the complaint, and failed to liberally construe a *pro se* complaint submitted by a layman.

"II. Plaintiff-appellant Weaver's complaint stated a cause of action upon which relief can be granted against the named defendant Carson.

"III. That the defendant-appellee Carson was not entitled to a summary judgment as a matter of law when there were genuine issues withstanding."

together for disposition. Assignment No. III does not raise a real issue.[3]

In assaying the order of dismissal all the allegations of the complaint are taken as true. Even so, the judgment must be affirmed.

## I.

The plaintiff's criminal convictions were affirmed in this Court of Appeals and a motion for leave to appeal, filed by the defendant on behalf of the plaintiff, was overruled by the Supreme Court of Ohio. So far as appears, and the plaintiff alleges nothing to the contrary, his criminal convictions have not been successfully challenged. Indeed, about one month before the affirmation of his conviction by this intermediate court, plaintiff filed the *pro se* civil complaint in the instant case.

## II.

The rule for assessing the sufficiency of complaints was set out in *Conley* v. *Gibson* (1957), 355 U. S. 41, 45-46:

"***In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.***"[4]

The *Conley* rule has been "liberalized" for *pro se* pleaders, *Haines* v. *Kerner* (1972), 404 U. S. 519, 520. In *Haines,* a civil case, the Supreme Court held the *pro se* pleader "to less stringent standards than formal pleadings drafted by lawyers.***"

It is unnecessary to the disposition in this case to decide whether a relaxed pleading has a constitutional dimension. That issue is not reached. For the most liberalized standards for *pro se* pleadings will not salvage the plaintiff's effort in this case. Giving the pleader the benefit of every doubt, he has, by any standard, failed to state a cause of action. Tolerance for the technical ineptitude of *pro se* pleaders will

---

[3] In fact no ruling was made on the defendant's motion for summary judgment. If the trial court dismissed for failure to state a cause of action, as it seems to have done, a ruling on the motion for summary judgment would have been redundant.

[4] See also *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242, 245, following *Conley* v. *Gibson.*

not supply the elements necessary to state a cause of action on *some* set of facts.[5]

## III.

The essential elements in a complaint sounding in professional negligence are these:

(1) An allegation of a duty owed the plaintiff by the defendant, and its violation either by omission or commission flowing from the defendant's failure to use reasonable care in the exercise of ordinary skill and knowledge;

(2) an averment that the defendant's action or inaction was the proximate cause of damage to the plaintiff; and

(3) the pleading of ultimate facts sufficient to establish the damage.

In this case, the plaintiff has alleged, by clear implication, that his claimed damage resulted from the ineffective handling of his appeal from criminal convictions. His civil claim is founded on violations of a variety of his rights due to the claimed inadequacies of his appellate counsel, the defendant in this civil appeal.

In the ordinary negligence action one might say that such allegations are sufficient to state a violation of duty owed, proximate cause, and damage. However, where the claim is that lawyer malpractice[6] caused a criminal conviction, the cause of action is not complete, nor is the statement of it complete, unless the plaintiff alleges two additional facts to establish damage. These are:

(1) that his conviction has been reversed based on the ineffective assistance of his counsel; and either

(2) that on the remand for a new trial his case was either dismissed on the merits or tried with a resulting acquittal; or

(3) that his conviction, actually guilty or not, could not have been achieved but for the ineptitude of his counsel and was unassailable on re-trial due entirely to the same cause.

When these allegations are coupled with the other averments necessary to state a claim of professional negli-

---

[5] Cf. *Conley* v. *Gibson, supra.*

[6] The basis of disposition in this case makes it unnecessary to discuss the standards for ineffective representation, see 26 A.L.R. Fed. 218, Section 6, and it is also unnecessary to decide whether the failure to provide constitutionally effective counsel is equivalent to malpractice.

gence, a prima facie case in malpractice has been stated. Thus, a criminal defendant is not without recourse if he alleges and proves his appointed counsel does not use the requisite care to discharge his professional duty and further alleges and proves that such neglect rather than the criminal defendant's own malfeasance was a cause without which he would have not been convicted.

## IV.

The criminal law provides at least two avenues for an initial test of a claim of ineffective counsel. Resort may be had to either appeal or post-conviction remedy.[7] The plaintiff here has not alleged reversal through utilization of either of these procedures. Neither has he alleged either an acquittal or dismissal on the merits after securing a reversal or a conviction of guilt made unassailable by counsel fault. Thus, his complaint does not state a cause of action.

*Judgment affirmed.*

KRENZLER, P. J., and KRUPANSKY, J., concur.

---

[7] R. C. 2953.21 *et seq.*