**Ronald DOWNTON, Plaintiff,**

v.

**William C. VANDEMARK, Defendant.**

**No. C 82–444.**

United States District Court,
N.D. Ohio, W.D.

May 13, 1983.

Supplemental Memorandum Filed
Sept. 6, 1983.

Robert S. Catz, College of Law, Cleveland State University, Cleveland, Ohio, for plaintiff.

Jack G. Fynes, Shumaker, Loop & Kendrick, Toledo, Ohio, for defendant.

## MEMORANDUM and ORDER

WALINSKI, District Judge.

This cause came to be heard upon the plaintiff's objections to a Report & Recommendation of Magistrate James G. Carr. In response to a motion filed by the defendant, the Magistrate recommended the dismissal of the plaintiff's complaint as untimely. The court rejects the Magistrate's report, and for the following reasons the complaint is dismissed in part.

### I.

This suit arises under the Civil Rights Act, 42 U.S.C. § 1983 and the common law of Ohio. Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1332 and 1343(3). The requisite amount in controversy is present as to the claim arising under this court's diversity jurisdiction.

The defendant is an attorney who represented the plaintiff in a state criminal proceeding. The representation by the defendant was determined to be constitutionally inadequate. *Downton v. Perini,* 511 F.Supp. 258 (N.D.Ohio 1981). The plaintiff claims the defendant deprived him of his rights under the sixth and fourteenth amendments to the United States Constitution giving rise to the § 1983 action, and committed legal malpractice as defined by the common law of Ohio giving rise to the diversity claim.

The magistrate's report sets out the facts, but for convenience they are restated here. The plaintiff pled guilty to the charge of second degree murder in a state court. He was sentenced on June 8, 1972, and the parties to this proceeding apparently agree their attorney/client relationship terminated on that date.

The plaintiff was incarcerated until December 23, 1980. After his release from prison the plaintiff successfully petitioned this court for a writ of habeas corpus. In the habeas proceeding it was determined that the former attorney failed to provide constitutionally adequate representation of the plaintiff in the criminal action in state court. This mandate was issued on March 11, 1981. The appeal taken therefore was dismissed by the Sixth Circuit Court of

Appeals on July 16, 1981.[1] The state elected not to retry the plaintiff on November 5, 1981, and this action was filed on July 22, 1982.

The issue raised by the motion presently before the court is whether the cause of action accrued (1) upon the termination of the attorney/client relationship, as the defendant contends,[2] (2) upon the plaintiff's successful challenge to the state court conviction; or (3) upon the state's decision not to retry the plaintiff as he contends. If the cause accrued at either of the earlier two dates—termination of the relationship or upon reversal of the conviction—the claim is time barred; otherwise, it is not.

## II.

The 1983 claim arising out of the defendant's ineffective representation of the plaintiff in the state criminal proceedings is time barred. It accrued upon the reversal of the state court determination as to the adequacy of counsel.

The parties agree the applicable statute of limitations is governed by Ohio law, and specifically the Ohio statute of limitations for professional malpractice. Ohio law requires a claim for professional malpractice to be brought within one year of the accrual of the cause of action. Ohio Rev.Code § 2305.11(A).

The defendant argues the cause of action accrued, at the latest, upon the termination of the attorney/client relationship—June 8, 1972. Under the tolling provisions of Ohio Rev.Code § 2305.15 the statute was tolled until December 23, 1980 because of the plaintiff's incarceration. By this reasoning, the one year period had run on July 22, 1982 when the complaint was filed in this action.[3] The defendant therefore argued, and the magistrate agreed, the complaint should be dismissed.

In support of the view the claim accrued at the termination of the attorney/client relationship, the magistrate relied upon Ohio law to that effect. *Keaton Company v. Kolby,* 27 Ohio St.2d 234, 271 N.E.2d 772 (1971), *also, Ishler v. Miller,* 56 Ohio St.2d 447, 384 N.E.2d 296 (1978); *Richard v. Staehle,* 70 Ohio App.2d 93, 434 N.E.2d 1379 (1980). However, it is well settled that federal law governs the accrual of federal claims. *E.g., Kaiser v. Cahn,* 510 F.2d 282 (2d Cir.1974).

The 1983 claim premised upon the defendant's ineffective legal representation could not have been brought before this court's decision in the plaintiff's prior action for habeas relief. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Prior to the final determination on the habeas petition, the state court ruled the plaintiff received constitutionally sufficient legal representation. This precluded the bringing of a contrary claim here by operation of the doctrine of *res judicata.*

The defendant's attempts to distinguish and discredit *Allen v. McCurry* are unpersuasive. In *Allen* a 1983 claimant sought damages from police officers arising out of a search and seizure. The plaintiff had unsuccessfully challenged the same conduct in the course of his state court criminal conviction. The adverse state court determination of the issue was held to preclude the relitigation of the matter in the subsequent 1983 suit.

The *Allen* reasoning is controlling here as this case and *Allen* are indistinguishable on their significant facts. As in *Allen* the issue presented in this 1983 claim was actually litigated by the state courts. The matter was resolved adversely to the plaintiff in his state post-conviction proceedings. Until the federal habeas court overturned the state's determination of the adequacy of the legal representation the plaintiff re-

---

1. This date has been misstated by the parties, but the court notes the Sixth Circuit's order in this matter, dated July 16, 1982 as a matter of public record.

2. The parties apparently agree if this is the date the cause accrued, the plaintiff is entitled to the

benefit of Ohio's tolling provision, Ohio Rev. Code § 2305.15. The cause did not accrue until his release from jail on December 23, 1980.

3. An action is commenced by filing a complaint with the court. Fed.R.Civ.P. 3.

ceived, the state's determination of the question was binding under the *Allen* reasoning.

The defendant at bar notes the reservation of a narrow question in *Allen*. In a footnote the Court refused to decide whether the normal rules of claim preclusion should apply in a 1983 action where the plaintiff seeks to litigate a federal issue which he could have raised but did not raise in the earlier state court suit. This question was not raised by the facts in *Allen*. That reserved question, interesting as it is, is not presented in the case *sub judice* either. Here, the claim of the adequacy of the defendant's services was actually litigated in state courts.

The plaintiff's position with respect to *Allen* goes too far, however. Under his theory the claim accrued in November of 1981 when the state refused or failed to retry the plaintiff. The error is in viewing *Allen* as precluding the 1983 action until *reversal* of the state criminal conviction.

The significant fact for *Allen* variety claim preclusion is an adverse state court ruling of which the plaintiff in the 1983 action seeks relitigation. The adverse ruling in the case *sub judice* is the state post-conviction court's determination counsel was adequate, not the finding of guilt.

The fact that the plaintiff continued in jeopardy of retrial for some period later is irrelevant. The constitution does not guarantee adequate counsel only to innocent persons accused of crime. The fact of guilt or innocence is not relevant to the question of whether an accused has been deprived of a constitutional right. The claim for damages arising out of the deprivation of that right is not dependent on a not guilty verdict; and indeed, the 1983 plaintiff might

choose to proceed against his attorney without ever attacking the conviction.[4]

The conviction itself is not attacked in the 1983 proceeding against the plaintiff's former attorney, and a reversal of the conviction is not the significant event which lifts the preclusive effect of the earlier litigation. On July 16, 1981, when this court's order finding the plaintiff's representation constitutionally inadequate was final, the state court's contrary determination no longer bound the plaintiff.

In sum, the plaintiff here unsuccessfully challenged the adequacy of his legal representation in the state court. The state court's adverse determination of that claim barred relitigation of the issue in a federal civil rights action. When this court granted habeas relief upon a finding that the plaintiff had been denied the right to effective assistance of counsel, the state court determination lost its claim preclusion effect. The statute, therefore, began to run from that day, July 16, 1981. The claim was brought more than a year later, on July 22, 1982, and is therefore time barred. The motion to dismiss should be granted.

### III.

The diversity claim for legal malpractice is not time barred. It accrued upon the state's refusal to retry the plaintiff, an event which the parties agree occurred within the one year period of limitations.

Under the *Erie* doctrine this court sitting in diversity looks to the law of Ohio to determine when the action for malpractice arose. The only Ohio authority defining the elements of legal malpractice in the context of a criminal defense is *Weaver v. Carson,* 62 Ohio App.2d 99, 404 N.E.2d 1344 (Cuyahoga Co.App.1979).[5] Among other

---

**4.** This court expressly disavows any intent to establish a rule that in all cases of ineffective assistance of counsel, the result or guilt/innocence determination is irrelevant. In finding the question irrelevant here the court is mindful that this case concerns allegations that the counsel coerced an involuntary plea of guilty. On these facts, the plaintiff alleges a loss of rights which can be vindicated under § 1983

even if a conviction would have resulted after trial with adequate defense counsel.

**5.** The defendant cites *Keaton v. Kolby,* 27 Ohio St.2d 234, 271 N.E.2d 772 (1971), and *Richard v. Staehle,* 70 Ohio App.2d 93, 434 N.E.2d 1379 (1980) for the proposition that the cause of action for malpractice accrues at the latest upon the termination of the professional relationship. These cases do not contradict the

things, the malpractice plaintiff must plead and prove the reversal of the conviction and either a merit dismissal or acquittal on retrial. If no retrial is had, the plaintiff, alternatively, must prove the conviction could not have been achieved, but for the ineptitude of his counsel.

In the case *sub judice* there was no reversal of the conviction until the mandate of this court was reinstated, July 21, 1981, and the time the state was given to retry him lapsed. The parties agree this date is November 5, 1981. As the action was brought within a year of that date, it is timely, and the motion to dismiss should be denied.

### IV.

The motion to dismiss is granted as to the 1983 claim and denied as to the claim for malpractice arising under this court's diversity jurisdiction.

IT IS SO ORDERED.

On Motion to Alter or Amend Judgment.

This cause came to be heard upon a motion to alter or amend a judgment of this court filed on behalf of the plaintiff, Ronald Downton, pursuant to Rule 59(e). Also before the court is a motion for reconsideration filed on behalf of the defendant, William C. Vandemark and a response filed thereto.[1]

The facts of this case are stated in the court's earlier order and are not restated herein. The order of this court which is at issue finds the plaintiff's § 1983 claim barred by the statute of limitations but finds the diversity claim to be timely filed. The correctness of both determinations is at issue and for the reasons which are discussed in the separate sections below, the court finds the plaintiff's motion to amend the order as to the § 1983 action well taken but denies the defendant's challenge to the order with respect to the diversity claim.

### I. The § 1983 Claim

■ By order dated May 13, 1983 the court found the claim arising under 42 U.S.C. § 1983[2] to be time barred. The court found Ohio's one year statute governing malpractice claims applied, Ohio Rev. Code § 2305.11(A), and reasoned that it began to run from July 16, 1981 when the appeal from this court's order of March 11, 1981 granting a writ of habeas corpus on the basis of ineffective assistance of counsel was dismissed.

The court still holds that the one year statute ran on July 16, 1982. Prior to the dismissal of the appeal the plaintiff was barred by the operation of res judicata from relitigating a state court finding of the adequacy of his defense counsel. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). This court's order in the plaintiff's federal habeas action lifted that bar, but by its own terms the mandate was stayed pending appeal. Therefore the statute began to run on July 16, 1981 when the Sixth Circuit dismissed the appeal.

The court went on to find that this action was commenced on July 22, 1982 because that is the date the complaint was filed. As July 22 is six days beyond the time, the claim was dismissed.

In its motion to alter the judgment the plaintiff points out the complaint was lodged with a petition to appear in forma

---

*Weaver* court position as to the elements of legal malpractice in the conduct of a criminal trial. Neither case involves legal malpractice where an element, as defined by *Weaver*, occurred after termination of the relationship.

1. The plaintiff sought leave to file this response pursuant to Local Rule 3.02. The plaintiff treated this filing as a reply brief apparently having considered the defendant's motion to reconsider as a brief in opposition to his Rule 59(e) motion. Because the defendant did not so treat it and he does not defend the order challenged on the basis of its correctness but rather on new grounds and also because the

defendant challenges a portion of the order, the defendant's characterization of his brief as a motion to reconsider is accurate. Therefore leave is not necessary for the plaintiff's response.

2. 42 U.S. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects any citizen ... to the deprivation of any right, privilege, or immunities secured by the constitution and laws shall be liable to the party injured at law ....

pauperis on July 14, 1982, a date within the one year statute. Binding precedent teaches that the date of the pauper petition tolls the statute until the complaint was filed. *Mohler v. Miller,* 235 F.2d 153 (6th Cir. 1956). Accordingly, upon reconsideration it appears the action was timely filed and the previous order of this court dismissing the § 1983 claim was in error. Thus, the motion to alter or amend is well taken.

## II. The Diversity Action

By order dated May 13, 1983 this court found the diversity claim to be timely. This claim is for legal malpractice in the defense of a criminal prosecution and it is governed by the law of Ohio. As such, the elements of the tort include a requirement that the plaintiff show the injury flowing from the inadequate representation. *Weaver v. Carson,* 62 Ohio App.2d 99, 404 N.E.2d 1344 (Cuyahoga Co.App.1979). He does so by showing (1) the reversal of the conviction and (2) either a merit dismissal or acquittal on retrial. Alternatively, where the state elects not to retry him, there must be proof that the result could not have been obtained but for the attorney's conduct. *See, Id.*

Not until this court's mandate was final and the state refused to try the plaintiff could he meet the burden of proving the alleged malpractice affected the result. Accordingly, the malpractice action accrued within one year of the filing of this suit.[3]

For the foregoing reasons, the plaintiff motion to amend or alter the order is granted and the defendant's motion for reconsideration is denied. It is therefore

ORDERED that the claim arising under 42 U.S. § 1983 be reinstated.

---

**3.** The original order states at page 44 that this date was July 21, 1981. The correct date is July 16, 1981 and this date appears elsewhere throughout the order.