KRAHN ET AL., APPELLEES, *v.* KINNEY ET AL., APPELLANTS.

[Cite as Krahn *v.* Kinney (1989), 43 Ohio St. 3d 103.]

(No. 88-386—Submitted March 15, 1989—Decided May 24, 1989.)

*Jim Rimedio* and *Roger C. Stridsberg,* for appellees.

*Rendigs, Fry, Kiely & Dennis,*

*Michael E. Maundrell* and *Kerry L. Beringhaus,* for appellants.

H. BROWN, J. Two issues are presented. The first is whether the underlying criminal conviction must be reversed before a cause of action can be stated in a legal malpractice action arising from the representation of a criminal defendant. The second is whether the denial of Krahn's motion to vacate judgment operates as *res judicata* to bar a determination of the issues raised in this malpractice action. We answer both queries in the negative and affirm the judgment of the court of appeals.

I

In this case we consider an issue of first impression for this court, to wit: what are the elements required to state a cause of action for malpractice arising out of legal representation in criminal matters?

As a starting point, we note the requirements to establish a cause of action for legal malpractice relating to civil matters. These are: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. See *McInnis* v. *Hyatt Legal Clinics* (1984), 10 Ohio St. 3d 112, 10 OBR 437, 461 N.E. 2d 1295; *Loveman* v. *Hamilton* (1981), 66 Ohio St. 2d 183, 20 O.O. 3d 194, 420 N.E. 2d 1007; *Harter* v. *Morris* (1869), 18 Ohio St. 493.

Appellants claim that where the malpractice arises from criminal representation, at least one additional element should be required. They claim that relief should not be granted unless the plaintiff first obtains a reversal of his or her conviction on grounds of ineffective assistance of counsel. *Weaver* v. *Carson* (1979), 62 Ohio App. 2d 99, 16 O.O. 3d 225, 404 N.E. 2d 1344.[4]

We reject the appellants' claim. Our holding is consistent with the resolution of the issue by other jurisdictions, most of which require the same elements of proof for all legal malpractice actions, whether arising from criminal or from civil representation. See, *e.g., Jepson* v. *Stubbs* (Mo. 1977), 555 S.W. 2d 307, 313-314; *Mylar* v. *Wilkinson* (Ala. 1983), 435 So. 2d 1237; *Bowman* v. *Doherty* (1984), 235 Kan. 870, 686 P. 2d 112; *McCord* v. *Bailey* (C.A.D.C. 1980), 636 F. 2d 606; *Snyder* v. *Baumecker* (D.N.J. 1989), Civil No. 88-3822 (CSF) (applying New Jersey law).[5]

The inequity of requiring a plaintiff to obtain a reversal of his or her conviction before bringing a malpractice action is apparent from the facts in the present case. Krahn's claim is based in part on Kinney's alleged failure

---

[4] The court in *Weaver* held that, in addition to alleging the usual elements of a malpractice action, "where the claim is that lawyer malpractice caused a criminal conviction, the cause of action is not complete, nor is the statement of it complete, unless the plaintiff alleges two additional facts to establish damage. These are:

"(1) that his conviction has been reversed based on the ineffective assistance of his counsel; and either

"(2) that on the remand for a new trial his case was either dismissed on the merits or tried with a resulting acquittal; or

"(3) that his conviction, actually guilty or not, could not have been achieved but for the ineptitude of his counsel and was unassailable on re-trial due entirely to the same cause." *Id.* at 101, 16 O.O. 3d at 227, 404 N.E. 2d at 1346.

[5] At least one court has required a plaintiff to allege his innocence in addition to the ordinary elements of a malpractice claim. *Carmel* v. *Lunney* (1987), 70 N.Y. 2d 169, 518 N.Y. Supp. 2d 605, 511 N.E. 2d 1126.

to communicate the prosecutor's offer. Consequently, Krahn was forced into the situation of having to plead to a more serious charge or risk a still greater conviction and sentence. Krahn may have made a valid plea on the day of trial, but she would have been better served had she accepted the earlier bargain. As aptly stated by the court of appeals, the injury in such a situation "is not a bungled opportunity for vindication, but a lost opportunity to minimize her criminal record."[6]

The situation is like that in a civil action where the attorney fails to disclose a settlement offer. Such failure may expose the attorney to a claim of legal malpractice. *Lysick* v. *Walcom* (1968), 258 Cal. App. 2d 136, 65 Cal. Rptr. 406. See, also, *Smiley* v. *Manchester Ins. & Indemn. Co.* (1978), 71 Ill. 2d 306, 375 N.E. 2d 118, where the attorney failed to effect a settlement on a client's behalf.

Therefore, we hold that a plaintiff need not allege a reversal of his or her conviction in order to state a cause of action for legal malpractice arising from representation in a criminal proceeding. To plead a cause of action for attorney malpractice arising from criminal representation, a plaintiff must allege (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. Krahn's complaint sets forth facts supporting each of these elements and, therefore, states a claim.

We also find that High Spirits has stated a cause of action. High Spirits incurred extra attorney fees in rectifying Kinney's failure to appear at the original commission hearing. The injury is not the penalty ultimately imposed by the commission, but the expenses involved in rectifying Kinney's failure. High Spirits states a cause of action regardless of whether the ultimate penalty imposed by the commission is reversed.

Having enunciated the elements of a claim sounding in malpractice and arising from criminal representation, we note that in most cases the failure to secure a reversal of the underlying criminal conviction may bear upon and even destroy the plaintiff's ability to establish the element of proximate cause. In other words, we do not relieve a malpractice plaintiff from the obligation to show that the injury was caused by the defendant's negligence. But the analysis should be made in accordance with the tort law relating to proximate cause. The analysis should focus on the facts of the particular case.[7] We reject the suggestion that a proximate cause analysis can be eliminated and replaced by a rule of thumb based on whether the malpractice plaintiff has succeeded in overturning the underlying criminal conviction.

## II

As an alternative argument, the appellants contend that appellee Krahn's malpractice suit is barred by the doctrine of *res judicata.* The malpractice suit was conclusively adjudicated, appellants maintain, when

---

[6] The issue of whether Krahn suffered compensable damages as a result of her conviction is premature. Her unrefuted allegation that she has suffered damages is enough to withstand an attack on the sufficiency of her complaint.

[7] For example, Krahn's failure to set aside her conviction does resolve the issue of proximate cause against her with respect to her claim that she was misadvised as to the seriousness of the charge to which she entered a plea. Such would follow from an application of the doctrine of collateral estoppel, which is discussed *infra.*

the trial court denied Krahn's motion to vacate judgment in the criminal proceeding. We do not agree.

*Res judicata* encompasses two concepts: "estoppel by judgment" and "collateral estoppel." *Whitehead* v. *General Tel. Co.* (1969), 20 Ohio St. 2d 108, 49 O.O. 2d 435, 254 N.E. 2d 10.

Estoppel by judgment prevents a party from litigating a cause of action after a prior court has rendered a final judgment on the merits of that cause as to that party. See *Norwood* v. *McDonald* (1943), 142 Ohio St. 299, 27 O.O. 240, 52 N.E. 2d 67, paragraph one of the syllabus, approved and followed in *Whitehead, supra,* at paragraph one of the syllabus. However, the doctrine does not apply "where the causes of action are not the same, even though each action relates to the same subject matter." *Norwood, supra,* paragraph two of the syllabus, approved and followed in *Whitehead, supra,* at paragraph two of the syllabus.

An action to vacate a criminal judgment based on ineffective assistance of counsel is not the same as a cause of action for legal malpractice. A claim of ineffective assistance of counsel is based on constitutional guarantees and seeks reversal of a criminal conviction. Legal malpractice is a common-law action, grounded in tort, which seeks monetary damages. The proof of either of these two causes of action does not necessarily establish the other.

Collateral estoppel precludes the relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." *Goodson* v. *McDonough Power Equipment, Inc.* (1983), 2 Ohio St. 3d 193, 195, 2 OBR 732, 734, 443 N.E. 2d 978, 981, citing *Whitehead, supra.* Whether a conviction resulted from a defense attorney's incompetence is an issue which can be raised and determined in a prior criminal action where a claim of "ineffective assistance of counsel" has been made. Thus, collateral estoppel can preclude further litigation on the issue. See *McCord* v. *Bailey, supra; Vavolizza* v. *Krieger* (1974), 33 N.Y. 2d 351, 352 N.Y. Supp. 2d 919, 308 N.E. 2d 439; *Lamore* v. *Laughlin* (C.A.D.C. 1947), 159 F. 2d 463.[8]

However, the facts prevent the invocation of collateral estoppel as a bar to Krahn's cause of action in this case. In denying Krahn's motion to vacate her criminal conviction, the trial court found that Krahn failed to show that her guilty plea was not knowingly, voluntarily and intelligently entered. The resolution of that issue does not determine the issue upon which Krahn's malpractice action is grounded. Krahn's claim of malpractice is based in part upon counsel's failure (due to conflict of interest) to transmit the previous offer of a plea bargain. The decision to plead guilty,[9] as Krahn

---

[8] Ineffective assistance of counsel requires proof that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* v. *Washington* (1984), 466 U.S. 668. Though not identical, these elements are similar to the elements in an attorney malpractice action. An attorney malpractice action requires, *inter alia,* proof that (1) counsel failed to exercise due care, and (2) counsel's failure proximately caused plaintiff's injury.

[9] There is confusion in the record concerning the plea entered by Krahn to the charge of which she was convicted. In some places the record indicates a plea of guilty and in others a plea of no contest.

ultimately did, is not inconsistent with her assertion that she would have accepted the previous (and more advantageous) plea bargain had she known of that opportunity. Thus, the issues presented in the malpractice action were not "actually and necessarily litigated and determined" in the denial of her motion to vacate the criminal judgment against her. See *Goodson, supra.*

For these reasons, the trial court erred in granting summary judgment for the appellants. We affirm the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.