**CANADY, Appellant,**

v.

**SHWARTZ, Appellee.**

[Cite as *Canady v. Shwartz* (1989), 62 Ohio App.3d 742.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–1148.

Decided June 29, 1989.

Robert Canady, pro se.

*John C. Nemeth & Associates, John C. Nemeth* and *Mark R. Blackmer*, for appellee.

_____

STRAUSBAUGH, Judge.

This is an appeal by plaintiff from a summary judgment rendered by the common pleas court in favor of defendant on plaintiff's complaint for legal malpractice.

Plaintiff, Robert Canady, retained defendant, Myron Shwartz, as counsel subsequent to plaintiff's indictment by the Franklin County Grand Jury on February 8, 1985 for certain criminal behavior. The matter was tried in November 1985 at which trial defendant was found guilty as charged. Defendant then represented plaintiff upon subsequent appeals. *State v. Canady* (June 30, 1986), Franklin App. No. 85AP–1078, unreported, 1986 WL 7497.

As a result of this representation, plaintiff then initiated the instant suit on June 27, 1988, alleging that defendant breached and neglected his professional duties toward plaintiff and that in representing plaintiff, defendant failed to discharge his professional responsibilities in a competent fashion. Plaintiff also alleged that defendant's negligence deprived him of the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. Subsequent to defendant's answer, defendant filed a motion for summary judgment on October 7, 1988, which was supported primarily by defendant's affidavit concerning the methods and conduct employed in defending plaintiff during the criminal suit. Plaintiff responded to defendant's motion for summary judgment and filed a cross-motion for summary judgment on his behalf. Following defendant's reply to the cross-motion, the trial court entered judgment on November 30, 1988 in favor of defendant. Plaintiff now appeals and sets forth a single assignment of error:

"The trial court erred in granting defendant's motion for summary judgment, and dismissing the malpractice lawsuit complaint."

Essentially, plaintiff maintains that the evidence adduced indicates a factual dispute as to a material issue regarding defendant's competence in representing plaintiff, and also asserts the trial court erred in granting summary judgment prior to plaintiff's completion of discovery.

Initially, we note that the trial court entered summary judgment in defendant's favor for two reasons. First, the common pleas court concluded that defendant was entitled to summary judgment because plaintiff failed to adduce evidence to contravene defendant's evidence supporting the motion as required by Civ.R. 56(E). The second reason for granting summary judgment was the statutory limitations bar of R.C. 2305.11(A).

Although plaintiff does not specify the precise evidence in the file which demonstrates an issue of fact as to the running of the statute of limitations, such evidence is in the record. Specifically, defendant asserted in his affidavit that his professional relationship with plaintiff terminated in October 1986. However, the evidence indicates that plaintiff was incarcerated on that date. That plaintiff was imprisoned on the date this cause of action accrued finds factual support in two letters written by defendant to plaintiff, dated December 1985 and March 1986, attached to plaintiff's reply to the Civ.R. 56 motion and which indicate that plaintiff was incarcerated at those times. There is *no* evidence that plaintiff was not in prison as of October 1986. Accordingly, even assuming the "termination rule" initiated the running of the limitation period, an issue of fact exists as to whether plaintiff was imprisoned when this cause accrued so as to toll the running of the statute of limitations. R.C. 2305.16. Cf. *Perdue v. Handelman* (1980), 68 Ohio App.2d 240, 22 O.O.3d 398, 429 N.E.2d 165. Thus, the trial court erred in concluding plaintiff's complaint was time barred as a matter of law.

With respect to the merits of plaintiff's claim, the complaining party must demonstrate the existence of an attorney-client relationship giving rise to a duty, breach by the attorney of that duty, and injury to the client proximately caused by the attorney's breach. *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, syllabus. Although not an essential element of a legal malpractice claim, the requisite causal connection between the alleged negligence and resulting injury may be established by evidence of a conviction which has been subsequently set aside because of counsel's ineptitude. *Krahn, supra*, at 106, 538 N.E.2d at 1061; see, *e.g.*, *Weaver v. Carson* (1979), 62 Ohio App.2d 99, 101, 16 O.O.3d 225, 227, 404 N.E.2d 1344, 1346, and *McIntire v. Scott* (Mar. 27, 1986), Franklin App. No. 85AP–762, unreported, 1986 WL 3714.

Here, defendant's motion for summary judgment was predicated in part on the fact that plaintiff failed to aver that his conviction has ever been reversed or set aside as a result of ineffective assistance of counsel. In fact, attached to plaintiff's response to defendant's Civ.R. 56 motion is a copy of plaintiff's brief which was filed in this court upon appeal of plaintiff's post-conviction relief proceeding, which upheld plaintiff's conviction despite plaintiff's claims of ineffective assistance of counsel. That judgment was affirmed. *State v. Canady* (Dec. 27, 1988), Franklin App. No. 88AP–472, unreported, 1988 WL 142104.

Given the fact that the record contains only evidence to support defendant's assertions that plaintiff's conviction has never been reversed, summary judgment as to plaintiff's claim of ineffective assistance of counsel under the Sixth

Amendment was proper.  See *Krahn, supra,* 43 Ohio St.3d at 106–107, 538 N.E.2d at 1061–63.

█ Plaintiff also alleged, however, that defendant breached his common-law duty to competently research the law, investigate the facts and represent plaintiff at his criminal trial and on the subsequent appeal.  Defendant's motion for summary judgment relies solely on his affidavit,[1] which avers that defendant is duly licensed to practice law in this state, that defendant has substantial experience in representing criminal defendants, that defendant is familiar with the facts of plaintiff's criminal prosecution and that defendant thoroughly, competently and effectively represented plaintiff at his trial and upon appeal.  It is defendant's position that this affidavit qualifies as expert evidence which plaintiff was required to rebut via expert evidence.  Cf. *Hoffman v. Davidson* (1987), 31 Ohio St.3d 60, 31 OBR 165, 508 N.E.2d 958 (reaching a similar conclusion in the context of a medical malpractice lawsuit).

Plaintiff responded to defendant's Civ.R. 56 motion with an opposing memorandum, which was supported by several affidavits, a letter from an attorney to plaintiff regarding defendant's representation of plaintiff in the criminal proceeding, the appellate brief filed by plaintiff in the appeal of his post-conviction relief proceeding and various exhibits.  Defendant maintains that if all inadmissible items of plaintiff's evidence are excluded pursuant to Civ.R. 56(C), the only remaining evidence is the affidavits.  Since none of these affidavits is expert evidence, defendant argues that plaintiff has failed to meet his Civ.R. 56(E) burden.

Upon review of the record, including the various affidavits and exhibits, this court finds that a genuine question of fact exists with respect to plaintiff's claims of legal malpractice.  Even if all of plaintiff's inadmissible evidence is excluded, the affidavit of plaintiff's codefendant is sufficient to withstand defendant's Civ.R. 56 motion.  That affidavit avers that the codefendant was ready to testify at plaintiff's criminal trial that plaintiff took no part in the criminal activity, that plaintiff's defense attorney never contacted him or spoke with him, and that he was subpoenaed and available to testify at plaintiff's trial.

Construing this evidence most favorably, as we must, in favor of plaintiff, reasonable minds cannot conclude that defendant competently fulfilled his duty to plaintiff to thoroughly investigate the facts of plaintiff's case and to represent plaintiff at the trial.  While expert evidence may normally be necessary to establish an attorney's breach of duty to his client, such evidence

---

1. Although defendant's motion references exhibits "A–1" through "A–4," no such exhibits have been found.

is not necessary where the breach is obvious or within the ordinary knowledge of laymen. *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 11 OBR 298, 464 N.E.2d 187.

Here, although defendant asserted that he found plaintiff's codefendant to be an unreliable witness, the codefendant's statement that defendant never spoke with him raises an issue of fact as to the basis for defendant's decision not to call the codefendant. While expert evidence may be necessary to raise an issue of fact as to defendant's judgment of the codefendant's reliability, such evidence is not necessarily required if defendant never spoke with the potential witness.

We pause to stress that our decision in this case is not to be construed as imposing a duty on every attorney to interview every witness suggested by a criminal defendant. Rather, because of the mandate imposed by Civ.R. 56 to construe the evidence most favorably to plaintiff, the affidavit of plaintiff's codefendant raises an *issue of fact* in this case as to whether defendant fulfilled his duty to plaintiff in the underlying criminal matter. Had defendant put on evidence which obviated the need to speak with this particular codefendant in order to assess his reliability, plaintiff would have been required to interpose opposing expert evidence. *Bloom, supra.* For example, had defendant spoken with the codefendant's attorney or if defendant was familiar with the codefendant's reputation for reliable testimony or if the nature of the case against plaintiff was such that the codefendant's statement would be useless, such facts would require the testimony of an expert to demonstrate a breach of duty.[2] Here, however, defendant admits he subpoenaed the codefendant, but decided he would be an unreliable witness. Construing this evidence most favorably to plaintiff, we cannot conclude that defendant breached no duty to plaintiff as a matter of law.

▮ Plaintiff also maintains that summary judgment was improper given plaintiff's outstanding discovery requests. Cf. Civ.R. 56(F) and *Tucker v. Webb Corp.* (1983), 4 Ohio St.3d 121, 4 OBR 367, 447 N.E.2d 100. See, also, *Hartwell v. Volunteers of America* (1981), 2 Ohio App.3d 37, 2 OBR 40, 440 N.E.2d 609.

Whatever merit such argument has in other cases, it is of no avail here. Aside from the lack of prejudice in light of our disposition of the summary judgment, no amount of discovery would cure plaintiff's failure to adduce the requisite expert evidence to contravene defendant's evidence. As such, it was not error for the trial court to rule upon defendant's motion despite plaintiff's

---

**2.** We also note in passing that a second motion for summary judgment, supported by an affidavit which addresses this issue, may well be appropriate under the facts in this record.

incomplete discovery. Cf. *Ball v. Hilton Hotels* (1972), 32 Ohio App.2d 293, 61 O.O.2d 353, 290 N.E.2d 859; *Zimmer v. Yant* (Aug. 30, 1988), Franklin App. No. 88AP–411, unreported, 1988 WL 92425, and *Frazier v. Western Reserve Mut. Cas. Co.* (Mar. 31, 1988), Franklin App. No. 87AP–488, unreported, 1988 WL 37096.

Based on the foregoing, plaintiff's sole assignment of error is sustained. The judgment of the common pleas court is, therefore, reversed and this cause is remanded to that court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

REILLY, J., concurs.

KERNS, J., dissents.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

JOSEPH D. KERNS, Judge, dissenting.

As noted in the majority opinion, a plaintiff, in order to prevail in a legal malpractice action, must show (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058.

As to the first of these requirements, there can be no doubt. In fact, Canady not only retained the professional services of Shwartz in the common pleas court where the alleged malpractice was supposed to have occurred, but he also retained his services during subsequent appeals to the court of appeals and to the Supreme Court of Ohio.

As to the second requirement set forth in the *Krahn* case, there is substantial doubt. In the first place, the record is devoid of any evidence of a breach of duty. A tactical election not to call a particular witness to the stand, for one reason or another, is hardly tantamount to legal malpractice, and in this regard, Canady failed to provide any expert testimony that Shwartz did not exercise the knowledge, skill, and ability ordinarily exercised by members of the legal profession acting under the same or similar circumstances. See *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 11 OBR 298, 464 N.E.2d 187.

But assuming, nevertheless, that a genuine issue of fact did exist as to whether Shwartz's representation of Canady constituted negligence, there is not as much as a mild hint in the record of a reasonable probability that

Canady's conviction was traceable to such alleged negligence. While a reversal of the conviction was not necessarily indispensable to Canady's cause of action, he was at least required to present some facts to suggest that his damages were caused by the alleged breach of duty. In fact, in some jurisdictions, he would be required to allege his innocence.

A legal malpractice action, with all of its implications, must be based upon something more substantial than a lost cause or unfavorable verdict, but upon the record presented herein, and after considering the fundamental rules which must be applied to summary judgment motions, I nonetheless perceive no valid reason to perpetuate this controversy. Hence, I would affirm the judgment of the court of common pleas.