OPINION
Appellant Danny McCoy appeals the decision of the Tuscarawas County Court of Common Pleas that granted Appellee John Gartrell's motion for summary judgment and denied appellant's motion for summary judgment. The following facts give rise to this appeal. On June 2, 1993, the Tuscarawas County Grand Jury indicted appellant with the robbery and theft of Matthew Jones. Attorney Steven LoDico represented appellant, at trial, on this matter. The jury convicted appellant of the charges contained in the indictment. Appellant filed an appeal and the trial court appointed Appellee John Gartrell, from the Joint County Public Defender's Office, to represent appellant on his appeal. Appellee Gartrell, on behalf of appellant, filed a notice of appeal on September 16, 1994. Following the submission of briefs, on October 18, 1995, we affirmed the trial court's decision. On May 17, 1999, approximately three and one-half years later, appellant filed a legal malpractice action against appellee. Appellant filed a motion for summary judgment on October 13, 1999. Appellee filed a motion for summary judgment on March 1, 2000. Pursuant to a judgment entry dated June 13, 2000, the trial court denied appellant's motion for summary judgment and granted appellee's motion for summary judgment on the basis that appellant failed to state a claim upon which relief can be granted. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. TRIAL COURT ERRED IN DISMISSING THE MALPRACTICE ACTION AGAINST THE DEFENDANT, SUA SPONTE, WITHOUT NOTICE TO PLAINTIFF AND OPPORTUNITY TO RESPOND OR AMEND COMPLAINT.
 II. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF COULD PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLE HIM TO RELIEF.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's assignments of error.
 I
In his First Assignment of Error, appellant contends the trial court erred when it granted appellee's motion for summary judgment because the trial court did not give him notice that it intended to dismiss the complaint. Appellant argues that the trial court essentially, sua sponte, dismissed his complaint pursuant to Civ.R. 12. We disagree. Based on Civ.R. 56, we conclude the trial court did not err when it granted appellee's motion for summary judgment for failure to state a claim upon which relief can be granted. Civ.R. 12(B) specifically provides for dismissal of an action for failure to state a claim upon which relief can be granted, under Civ.R. 56, when the motion presents matters outside the pleading. In the case sub judice, appellant filed his motion, which he titled "motion for summary judgment," after filing a responsive pleading and relied upon matters outside of the pleading. Therefore, the trial court properly addressed this matter under Civ.R. 56. Appellant's First Assignment of Error is overruled.
 II
Appellant maintains, in his Second Assignment of Error, that the trial court erred when it determined that he could prove no set of facts that would entitle him to relief. We disagree. In order to establish a claim for legal malpractice arising from a criminal representation, a plaintiff must prove the following essential elements: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. Krahn v. Kinney (1989), 43 Ohio St.3d 103, syllabus. Appellee also argues that in order to establish legal malpractice, in a criminal case, appellant has to establish "* * * (1) that his conviction has been reversed based on the ineffective assistance of counsel, and (2) either the case was dismissed on the merits on remand or was retried with a resulting acquittal, or the conviction could not have been achieved but for the ineptitude of counsel and was unassailable on retrial for entirely the same reason." Appellee's brief at 10. In support of this argument, appellee cites the case of Weaver v. Carson (1979), 62 Ohio App.2d 99. We note that the Ohio Supreme Court rejected these additional requirements in the case of Krahn v. Kinney (1989), 43 Ohio St.3d 103,105, and instead held that the elements for legal malpractice are identical in both civil and criminal cases. In the case sub judice, there is no dispute that Appellant McCoy and Appellee Gartrell had an attorney-client relationship. Appellant established the first element of a legal malpractice claim. As to the second element, breach of duty, in the first count of the complaint appellant claims appellee breached his duty by violating various sections of the Code of Professional Responsibility, including the following: DR 1-102; DR 4-101; DR 5-105; DR 6-101; DR 6-102; DR 7-101; DR 7-104; and DR 7-111. In the second count of the complaint, appellant contends appellee breached his duty when he represented appellant's co-defendant in the robbery case. In a legal malpractice case, breach of duty requires expert evidence to establish, except in an action where the breach, or lack thereof, is so obvious that it may be determined by the court as a matter of law, or within the ordinary knowledge and experience of laymen. Bloom v. Dieckmann (1983), 11 Ohio App.3d 202, 203. As to the first count of the complaint, we find the trial court erred when it granted summary judgment. We agree with the general statement of the law that "[a] violation of the Disciplinary Rules does not constitute malpractice per se because `the client must have incurred damages which were directly and proximately caused by the attorney's malpractice.'" Northwestern Life Ins. Co. v. Roger (1989), 61 Ohio App.3d 506, 512. Appellant alleges, in paragraph twenty-three of his complaint, the damages he suffered as a result of appellee's alleged violations of the Disciplinary Rules. Since appellee moved for summary judgment, he had the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact of the essential elements of appellant's claim for legal malpractice. Dresher, supra, at 293. Appellee was required to point to some evidence, under Civ.R. 56(C), which affirmatively demonstrated that appellant had no evidence to support his claims. We have reviewed the record in this matter and find that appellee failed to meet this burden. Accordingly, we conclude the trial court erred when it granted appellee's motion for summary judgment as to the first count of the complaint. As to the second count of the complaint, concerning appellee's representation of appellant, we conclude the trial court properly granted summary judgment. Appellee filed an affidavit in which he stated that he "* * * became aware that Gerald A. Latanich, Director of the Joint County Public Defender's Office, had represented the Co-Defendant. After meeting with the Director, * * *, I directed my secretary to prepare and forward to Danny D. McCoy an Affidavit explaining the conflict and offering to petition the Court to withdraw." Affid. John Gartrell, May 19, 2000, at 2. There is no evidence contained in the record that appellant ever requested that appellee withdraw from the case. Thus, appellant failed to meet his burden as to this count of the complaint. Appellant's Second Assignment of Error is affirmed in part and overruled in part.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion
 _____________________ Wise, J.
Farmer, P.J., and Edwards, J., concur.