Janet M. GRAY, Plaintiff–Appellant,

v.

A.C. STRIP, et al., Defendants–Appellees,

Energy Marketing Services, Inc., Intervenor.

No. 02–3428.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

### ORDER

Janet M. Gray, proceeding through counsel, appeals a district court judgment dismissing her legal malpractice complaint. Jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

On September 16, 1998, Gray filed a complaint against attorneys A.C. Strip, Michael Vasko, Dean Schulman, and the law firm of which they are members, Strip, Fargo, Schulman & Hoppers Company, L.P.A. Gray alleged that the defendants committed legal malpractice during their prior representation of her interests in an action she filed against Jeffrey A. Jones, Albin A. Strohen, and Energy Marketing Services, Inc. in 1996 in an Ohio court (the "Jones litigation"). Gray contended that the defendants were negligent in their handling of the Jones litigation and that such negligence caused her to lose "her major cause of action of unlawful discrimination, *with prejudice*" and resulted in the imposition of personal sanctions against her. Gray sought monetary relief in excess of $6,000,000.

The defendants filed a motion for summary judgment, to which Gray responded. The district court granted the defendants' motion for summary judgment and dismissed the case. After obtaining two extensions of time in which to do so, Gray filed a notice of appeal. The parties have waived oral argument.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

When federal court jurisdiction is based upon diversity of citizenship, as here, this court must apply the substantive law of the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Stalbosky v. Belew*, 205 F.3d 890, 893 (6th Cir.2000). In order to establish a legal malpractice claim under Ohio law, a plaintiff must prove the following three elements: "(1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164, 1169 (1997); *Krahn v. Kinney*, 43 Ohio St.3d 103, 538 N.E.2d 1058, 1060 (1989). Although the plaintiff may be required "to provide some evidence of the merits of the underlying claim," the plaintiff is not required "to prove, in every instance, that he or she would have been successful in the underlying matter." *Vahila*, 674 N.E.2d at 1170.

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants, as Gray failed to prove the existence of all three elements required to establish a legal malpractice claim under Ohio law.

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

Gray established the first two elements of a legal malpractice claim by showing that an attorney-client relationship existed between her and the defendants and that the defendants breached a duty owed to her by negligently handling discovery in the Jones litigation. However, Gray failed to present sufficient evidence to establish that a causal connection existed between her damages and the defendants' breach of a duty owed to her. Specifically, with respect to the Jones litigation, Gray failed to show that her wrongful termination claim based upon handicap discrimination and her defense to the counterclaim for tortious interference with a business relationship had any merit.

Accordingly, the district court's judgment is affirmed.