OPINION
{¶ 1} Plaintiff-appellant, Daryl Dorsey, appeals from the May 20, 2004 judgment of the Court of Claims of Ohio granting defendant-appellee's, Grafton Correctional Institution's, motion for summary judgment. For the reasons that follow, we affirm the judgment of the Court of Claims.
 {¶ 2} On March 10, 2003, appellant filed a complaint against the warden, unit manager, unit sergeant/counselor, and count office officer of the Grafton Correctional Institution. In his complaint, appellant alleged that, on July 2, 2002, he was instructed by employees of Grafton to move from a cell in the non-smoking pod to a cell in a smoking pod. Appellant avers this was done in retaliation for making complaints about his cellmate's conduct. Appellant argues this action constitutes a deprivation of his constitutional rights, a violation of perceived contractual rights, and negligence. Appellant acknowledged to previously filing a complaint in which he raised the same arguments. See Dorsey v.Grafton Corr. Inst. (Mar. 17, 2003), Ct. of Cl. No. 2002-02329, 2003-Ohio-1281 (inmate presented insufficient evidence to establish negligence or breach of contract). Appellant asserts that the only factual difference between the two cases is that the instant action involves a subsequent change in cell assignment. (Complaint ¶ 4.)
 {¶ 3} On March 29, 2004, appellee filed a motion for summary judgment pursuant to Civ.R. 56(C). On April 12, 2004, appellant filed a memorandum in opposition and a motion to strike. The trial court denied appellant's motion to strike. The trial court held a non-oral hearing upon appellee's motion for summary judgment. The trial court held that it was without jurisdiction to address appellant's claims of retaliation, as actions against the state under Section 1983, Title 42, U.S. Code are not addressed in the Court of Claims because the state is not a "person" as defined under Section 1983. The trial court also held that appellant's contract claims failed because the relationship between appellant and the Department of Rehabilitation and Correction is custodial, not contractual. Therefore, there was no obligation on the part of appellee to keep appellant in a non-smoking pod. Finally, the trial court held that appellant's negligence claim failed because, under the discretionary immunity doctrine, appellee is immune from liability arising from any decisions it makes regarding inmate transfer. The trial court granted appellee's motion for summary judgment. Appellant timely appeals, assigning two assignments of error. In addition, appellee raised one cross-assignment of error.
Assignment of Error I
The Trial Court Failed To Reveal The Duty of Care Owed To The Plaintiff Pursuant to O.R.C. § 2921.44.
Assignment of Error II
The Trial Court Errored [sic] and Abused Its' [sic] Discreation [sic] By Failing To Review The Evidence Which Establishes Forseeability [sic], Prior Knowledge, Liability, A Custodial Relationship.
Cross-Assignment of Error
Mr. Dorsey's claims continue to be barred by the doctrine of issue preclusion.
 {¶ 4} Because the cross-assignment of error is dispositive of the appeal, we elect to address it at the outset. Appellee raised the affirmative defense of res judicata and moved for summary judgment on that basis. In its cross-assignment of error, appellee argues that issue preclusion bars appellant from relitigating the above-mentioned claims as those issues were previously ruled upon by the Court of Claims inDorsey, supra. We agree.
 {¶ 5} Issue preclusion holds that:
* * * [A] fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different. * * *
 {¶ 6} Ft. Frye Teachers Ass'n., OEA/NEA v. State Emp. Relations Bd.
(1998), 81 Ohio St.3d 392, 395. Issue preclusion "precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.'" Krahn v. Kinney (1989),43 Ohio St.3d 103, 107, quoting Goodson v. McDonough Power Equipment,Inc. (1983), 2 Ohio St.3d 193, 195.
 {¶ 7} Here, the issue of whether appellant could lawfully be moved to a smoking pod has been conclusively litigated between these same parties. Appellant is the same plaintiff suing the same defendant over the same issues raised in the previous action. The earlier case was litigated to final judgment in a court of competent jurisdiction. The earlier complaint alleged three claims: violation of his federal and state constitutional rights; breach of contract; and negligence. His present action raises the same claims plus a claim for a declaratory judgment which could have been raised in the previous action but was not. As such, appellant's claims are barred under both the doctrine of claim preclusion and issue preclusion or, more broadly, res judicata. Accordingly, summary judgment in favor of appellee was appropriate based on the issue of res judicata alone. Appellee's cross-assignment or error is well-taken.
 {¶ 8} Having decided the cross-assignment of error should be sustained, appellant's remaining arguments are moot.
 {¶ 9} For the foregoing reasons, appellant's first and second assignments of error are overruled as moot, and appellee's cross-assignment of error is sustained. The judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.