DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the April 27, 2007 judgment of the Sandusky County Court of Common Pleas, which removed appellant, Dean L. Gilbert, as executor of his father's estate. Finding that the trial court did not abuse its discretion, we affirm the decision of the lower court. Appellant asserts the following single assignment of error on appeal:
 {¶ 2} "THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL REVERSIBLE ERROR WHEN IT ORDERED THAT APPELLANT *Page 2 
BE REMOVED AS EXECUTOR OF THE ESTATE OF HIS FATHER, MELVIN J. GILBERT [SIC] AND FURTHER [SIC] THE FREEZING ALL ASSETS OF THE ESTATE UNTIL AN ADMINISTRATOR DE BONIS NON WWA IS APPOINTED, AND FURTHER COMMITTED PLAIN ERROR BY NOT CONSIDERING APPELLANT'S OBJECTION AND DEFENSE OF RES JUDICATA. ALL IN VIOLATION OF ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION AND THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION. [SIC]"
 {¶ 3} Gilbert was appointed as executor of his father's estate in 2003. Pursuant to the will, Penny S. Marshall was to inherit the decedent's real property. Guy C. Selvey asserted a right to purchase the real property at market value pursuant to a Real Estate Purchase Option agreement with the decedent. Litigation over Selvey's right to purchase is currently being litigated in the Sandusky County Court of Common Pleas. In 2005, while that suit was pending, two of the decedent's grandsons and heirs under the will filed a motion to have Gilbert removed as executor. They alleged that Gilbert was pursuing the lawsuit and expending estate funds in order to preserve the house for himself.
 {¶ 4} Following a hearing on the motion before a magistrate, the magistrate found that there was no evidence to support a finding that Gilbert had failed substantially to comply with his duties as executor. The motion was denied. The magistrate's decision was approved and adopted by the probate judge on September 2, 2005.
 {¶ 5} In 2007, a second motion to remove Gilbert as executor was filed by the same parties. They asserted that Gilbert had changed attorneys several times, not yet *Page 3 
filed an account, failed to honor a pre-death options contract, and had alienated nearly all of the family to the point that no family member could complete the administration of the estate.
 {¶ 6} Following a hearing on April 26, 2007, the trial court removed Gilbert as executor. The court further found that Gilbert had conveyed the real property to his daughter, Robin Root, for $1 without court authority and in violation of Ohio law. Gilbert then sought an appeal from that decision to this court.
 {¶ 7} In his sole assignment of error, Gilbert presents two issues for our review. The first issue raised is whether the trial court abused its discretion by removing Gilbert as executor. The trial court's decision was based upon a finding that Gilbert had transferred the real property without court order and in violation of Ohio law. Gilbert argues that he did not need a court order since he was given the power under the Last Will and Testament of his father to sell real estate in any manner Gilbert deemed proper and in the best interest of the estate.
 {¶ 8} Removal of an executor is governed by R.C. 2109.24 and 2113.18. Applicable to this case is R.C. 2109.24, which provides that the probate court may remove an executor for "* * * neglect of duty, incompetency, or fraudulent conduct, because the interest of the * * * estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law." Removal of a fiduciary is a discretionary action, which is reviewed on appeal under an abuse of discretion standard. In re Estate of Knowlton, 1st Dist. No. C-050728,2006-Ohio-4905, ¶ 31. An abuse of *Page 4 
discretion is demonstrated by an arbitrary, unreasonable, or unconscionable decision by the trial court. Id.
 {¶ 9} At the hearing on the motion to remove Gilbert, he had testified that he transferred the real property in the estate to his daughter for $1 in order to avoid the issue of dealing with an option on the property. After that issue was resolved, Gilbert intended to sell the real property and divide the assets between the heirs. Based upon this evidence alone, we find that the trial court did not abuse its discretion by removing Gilbert as executor of his father's estate. Such action indicates, at the very least, a neglect of duty by Gilbert or his incompetence to serve as executor.
 {¶ 10} The second issue Gilbert raised on appeal is whether the issue of his removal could not be raised again under the doctrine of res judicata. The trial court declined to remove Gilbert as executor of the estate in 2005, but in 2007 granted the motion to remove. Gilbert argues that once the first motion to remove was denied, the issue of removal could not be considered again. We disagree.
 {¶ 11} One aspect of the doctrine of res judicata is known as issue preclusion (traditionally known as collateral estoppel). Holzemer v.Urbanski (1999), 86 Ohio St.3d 129, 133. Issue preclusion "precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.'" Krahn v. Kinney (1989),43 Ohio St.3d 103, 107, quoting Goodson v. McDonough Power Equip.,Inc. (1983), 2 Ohio St.3d 193, 195. *Page 5 
 {¶ 12} Even though the trial court declined to remove Gilbert as executor in 2005, this decision did not prevent the court from making a different decision when the issue was raised again 2007. The second motion to remove Gilbert was based upon a different set of facts. Therefore, the doctrine of res judicata was not applicable.
 {¶ 13} Appellant's sole assignment of error is not well-taken.
 {¶ 14} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1