DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Michael D. Davie appeals from an order granting summary judgment to defendant-appellee Kerry O'Brien. This Court affirms.
 I.
In November 1992, Davie participated in a crime spree in an apartment building. Davie and two other persons entered several different apartments, beat and tortured some of the occupants, and stole several items of personal property. The group had at least one handgun with them. All three defendants were eventually apprehended and charged with numerous felonies, all with accompanying firearm specifications.
The trials of the three defendants were severed and Davie's trial was set to occur second. The first co-defendant was tried and convicted on all counts. Davie, having heard of the conviction of his co-defendant, informed his attorney, O'Brien, that he wished to pursue a plea bargain. In exchange for a no contest plea, the prosecutor, Michael E. Carroll, agreed to dismiss some of the counts of the indictment and all but one of the firearm specifications. Pursuant to this agreement, Davie was sentenced to thirty to seventy-five years, plus three years for the one remaining firearm specification.
On August 19, 1996, Davie filed a lawsuit against O'Brien and Carroll alleging that they had induced him to enter into the plea bargain by fraudulently misrepresenting the length of his potential sentence. Carroll moved to dismiss Davie's claims against him based on Davie's failure to state a claim upon which relief may be granted. On December 20, 1996, the trial court granted Carroll's motion to dismiss. On July 24, 1997, O'Brien moved for summary judgment. Although Davie timely responded, the trial court granted O'Brien's motion based on Davie's failure to respond.
Davie immediately filed an appeal, challenging the dismissal of the claims against Carroll and the award of summary judgment to O'Brien. This Court affirmed the trial court's dismissal of the claims against Carroll, but reversed the award of summary judgment based on the trial court's failure to consider Davie's timely response to O'Brien's motion. Davie v. O'Brien (May 20, 1998), Summit App. No. 18712, unreported. This Court remanded the cause to the trial court for a reconsideration of O'Brien's motion for summary judgment in light of Davie's response. Id.
On remand, after properly considering Davie's response to O'Brien's motion for summary judgment, the trial court again granted O'Brien summary judgment based on Davie's failure to show any injury resulting from O'Brien's alleged fraud. The trial court concluded:
 Plaintiff does not allege nor show if he had any damages that were proximately caused by the actions of the Defendant. They must have been caused by his own action in accepting a "plea bargain" wherein he asserted that he committed those acts for which he was sentenced. * * *
 The Plaintiff herein, and the Defendant in the criminal case, wants the Court to allow his claim, saying that if the advice were rendered properly and if he had gone to trial, he may have been acquitted. Not only speculative, but it is the uncertainty of the existence of damages, not the uncertainty as to the amount[,] which precludes recovery.
Davie has filed the instant appeal from the second summary judgment award.
 II.
Davie's first assignment of error states:
 WHERE THE MOVING PARTY FAILS TO SPECIFICALLY POINT TO EVIDENCE OF THE TYPE LISTED IN [CIV.R.] 56(C) WHICH AFFIRMATIVELY DEMONSTRATES THAT THE NON-MOVING PARTY HAS NO EVIDENCE TO SUPPORT ITS CLAIMS, THE MOVING PARTY HAS NOT DISCHARGED ITS INITIAL BURDEN.
Under this assignment of error, Davie argues that O'Brien failed to meet his burden under Dresher v. Burt (1996), 75 Ohio St.3d 280. In Dresher, the Supreme Court held that "a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Id. at 293. An examination of O'Brien's attempt to demonstrate the absence of a genuine issue of material fact by way of affidavit leads this Court to conclude that O'Brien failed to satisfy Dresher.
However, Dresher only applies "when the moving party asserts that the nonmoving party has no evidence to establish an essential element of the nonmoving party's case." Id. at 285. Upon further inspection, it becomes apparent that O'Brien did not argue that Davie cannot prove his case. Instead, O'Brien merely argued that Davie "has not stated a claim for which relief may be granted." The trial court came to the same conclusion, noting: "In the instant motion, the Defendant contends that Plaintiff has failed to adequately plead a claim for which relief may be granted." As such, because O'Brien's argument did not require that he demonstrate the absence of a genuine issue of material fact, Davie's first assignment of error is not well taken.
 III.
Davie's second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE MOVING PARTY IN A FRAUD ACTION WHERE THE TRIAL COURT HELD THE NON-MOVING PARTY [TO] THE STANDARD OF ESTABLISHING ALL THE NECESSARY ELEMENTS TO PROVE LEGAL MALPRACTICE.
Under this assignment of error, Davie argues that the trial court improperly applied the legal malpractice standard for proximate cause to an allegation of fraud. However, the trial court did not err in doing so. Although fraud and legal malpractice are clearly distinguishable in many respects, both require the plaintiff to prove proximate cause as an element of the cause of action. See Krahn v. Kinney (1989), 43 Ohio St.3d 103,106; Russ v. TRW, Inc. (1991), 59 Ohio St.3d 42, 49. The comparison is even more striking under the peculiar circumstances of this case, wherein Davie could just as easily have claimed legal malpractice based on the facts alleged in his complaint. As such, assignment of error number two is not well taken.
 IV.
Davie's third assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FINDING THAT HE DID NOT ALLEGE NOR SHOW IF HE HAD ANY DAMAGES THAT WERE PROXIMATELY CAUSED BY THE ACTIONS OF APPELLEE[.]
Although Davie claims that the trial court required him to prove that but for O'Brien's fraud he would have been acquitted, such is not the proper standard in legal malpractice cases. InVahila v. Hall (1997), 77 Ohio St.3d 421, the Supreme Court of Ohio explicitly rejected such a rule:
 [W]e reject any finding that the element of causation in the context of a legal malpractice action can be replaced or supplemented with a rule of thumb requiring that a plaintiff, in order to establish damage or loss, prove in every instance that he or she would have been successful in the underlying matter(s) giving rise to the complaint.
Id. at 426. Instead, the Supreme Court of Ohio recognized that the specific circumstances of the individual cases should dictate the extent to which the merits of the underlying matter need to be examined.
 We are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim.
Id. at 427-428.
The trial court in the instant case apparently concluded that Davie should be required to show some probability of success on the merits of the underlying criminal case. Under the unique circumstances of this case, this Court does not find this requirement to be improper. Therefore, because Davie failed to make any showing whatsoever of the probability of success, the trial court did not err in concluding that he had failed to claim an injury proximately caused by O'Brien's alleged fraud. Davie's third assignment of error is not well taken.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ DONNA J. CARR
FOR THE COURT
WHITMORE, J.
CONCURS
BAIRD, P.J.
CONCURS IN JUDGMENT ONLY