JOURNAL ENTRY AND OPINION
Plaintiff-appellant Eugene Johnson (hereinafter "plaintiff") appeals the order of the trial court granting defendant-appellee Patrick Farrell's (hereinafter "defendant") motion for summary judgment. On appeal, plaintiff argues the lower court "abused its discretion" in granting defendant's motion for summary judgment considering the facts in support for his claim of legal malpractice.
Plaintiff was charged with robbery in violation of R.C.2911.02. At his arraignment, plaintiff pleaded not guilty and defendant was assigned to represent him as defense counsel. plaintiff's case proceeded to a bench trial. He was found guilty of robbery but before sentencing, plaintiff pleaded guilty to a separate charge of grand theft in another case. At sentencing, plaintiff was sentenced to prison for two years on the grand theft charge and three to fifteen years on the robbery charge, to run concurrently. Subsequently, plaintiff appealed his conviction for robbery to this court. On appeal, defendant continued to represent plaintiff. We affirmed plaintiff's conviction in Statev. Johnson (February 26, 1998), Cuyahoga App. No. 72329, unreported.
Plaintiff then filed a pro se complaint for legal malpractice against defendant in the Cuyahoga County Court of Common Pleas. Plaintiff argued he received ineffective assistance of counsel because defendant did not object when he was not sentenced according to Senate Bill 2. Defendant filed an answer in response to plaintiff's complaint stating: (1) plaintiff fails to state a claim upon which relief can be granted, (2) plaintiff's claim is barred by the statute of limitations, res judicata, the doctrine of estoppel, the doctrine of waiver, and (3) any harm resulting from plaintiff's conviction was caused by plaintiff himself. Plaintiff filed a motion titled "Plaintiff's Opposition to Defendant's Answer" arguing his claim was not barred by the statute of limitations, the affirmative defenses submitted by defendant are inapplicable, and he was harmed by defendant's ineffective assistance of counsel. Defendant then filed a motion for summary judgment contending there are no genuine issues of material fact regarding plaintiff's claim for legal malpractice because plaintiff's claim is unsupported by the evidence. Plaintiff did not file a motion in opposition and the trial court granted defendant's motion for summary judgment.
As a result, plaintiff timely filed his notice of appeal and now presents a single assignment of error. Plaintiff's assignment of error states as follows:
 THE LOWER COURT ABUSED ITS DISCRETION WHEN IT GRANTED THE DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT CONSIDERING THE FACTS IN THE CASE AT BAR.
Plaintiff argues he should have been sentenced pursuant to Senate Bill 2. He claims he repeatedly attempted to contact defendant so defendant would submit this request to the trial court but defendant did not make himself available to plaintiff. Plaintiff maintains, according to State v. Delgado (April 9, 1998), Cuyahoga App. No. 71497, unreported and State v. Rush (1998), 83 Ohio St.3d 53, he should have been sentenced under Senate Bill 2 and received a sentence of three years rather than the three to fifteen years he did receive. He contends defendant's lack of interest and effort in representing him at trial and on appeal enhanced his incarceration from one to twelve years.
Defendant counter-argues the trial court correctly granted his motion for summary judgment because it was unopposed. Further, he maintains the trial court did not err in granting his motion for summary judgment because there is no evidence to support plaintiff's claim for legal malpractice.
To establish a cause of action for legal malpractice based on negligent representation in a criminal matter, plaintiff must show: (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. Krahn v. Kinney (1989), 43 Ohio St.3d 103, 106.
In the present case, plaintiff has only proven the first part of the Krahn test; that he and defendant maintained an attorney client relationship giving rise to a duty. Regarding a breach of that duty, plaintiff claims defendant breached his duty by failing to request that the trial court sentence him under the more lement Senate Bill 2 sentencing guidelines. As for damages, plaintiff complains he would have received a three-year term of incarceration rather than the three to fifteen-year term he did receive. However, plaintiff does not support his arguments with any evidence and our review of the record indicates there is no evidence to support plaintiff's claims.
Plaintiff committed robbery on April 28, 1996. He was convicted for this crime approximately a year later on March 27, 1997. InState v. Rush, supra, the Ohio Supreme Court held the amended sentencing provisions of Senate Bill 2 apply only to those crimes committed on or after July 1, 1996. Plaintiff's crime was committed before July 1, 1996, thus the amended sentencing guidelines provided in Senate Bill 2 are not applicable to his case. As a result, plaintiff was properly sentenced by the trial court and defense counsel did not err in not requesting that plaintiff be sentenced pursuant to Senate Bill 2.
In addition, we find plaintiff's claims that defendant lacked interest and effort in representing him to be without merit. Plaintiff does not cite to any specific instances where defendant exhibited this type of conduct, thus his claims are completely unsubstantiated. Moreover, plaintiff attached an affidavit of a fellow attorney who averred that he reviewed the facts to the instant case and based on his expert opinion he believes defendant "exercised the knowledge, skill, and ability ordinarily exercised by members of the legal profession acting under the same or similar circumstances.
Appellate review of summary judgments is de novo. Koos v. Cent.Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Summary judgment is appropriate only if there is no genuine issue of material fact; the moving party is entitled to judgment as a matter of law and, construing all evidence in favor of the nonmoving party, reasonable minds could reach only a conclusion in favor of the moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66.
A party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claim. The burden then shifts to the nonmoving party, as outlined in Civ.R. 56 (E), to set forth specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
Our review of the record indicates that defendant's argument that plaintiff was properly sentenced and plaintiff has only asserted unsupported claims is well taken. In contrast, we find plaintiff has not submitted any evidence or specific facts showing that there is a genuine issue for trial. Thus, we find there are no genuine issues of material fact, defendant is entitled to judgment as a matter of law, and construing the evidence most strongly in favor of plaintiff, reasonable minds could only reach a conclusion in favor of defendant. Accordingly, plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., ANNE L. KILBANE. J., CONCUR.
 ___________________________________ PRESIDING JUDGE JOHN T. PATTON