DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas granting default judgment in favor of appellees, Walter and David Smith, against appellant, Lawrence T. Curtis, attorney-at-law, in the amount of $150,000, plus costs and interest. For the reasons that follow, we affirm the decision of the trial court.
On December 15, 1999, appellees filed a complaint for legal malpractice against appellant for failing to defend appellees in a negligence action filed against them on April 20, 1998, by Robert and JoAnn Rogers and Nationwide Mutual Fire Insurance Company. According to the filings attached to appellees' complaint in this action, the underlying action between appellees and the Rogers concerned allegations that appellees' employees, who were unnamed, negligently set fire to the Rogers' roof with a propane torch while attempting to repair or replace the roof, allegedly, previously installed by appellees. Appellant entered an appearance on behalf of appellees in the underlying action, and received an extension of time until June 22, 1998 to answer. However, on November 23, 1998, the trial court granted the Rogers default judgment against appellees and set an assessment of damages hearing for December 22, 1998.[1] On December 28, 1998, the trial court entered judgment against appellees in the amount of $146,165.32, plus interest.
In this case, appellant was served with the complaint, and the certified mail return was signed illegibly and returned on December 21, 1999. Appellees also served appellant with request for admissions on December 15, 1999.[2] There was no response from appellant. On January 31, 2000, appellees filed a motion for default judgment. The trial court granted appellees' motion on February 28, 2000, and set the matter for an assessment of damages hearing to be held on March 23, 2000.
On March 23, 2000, appellant filed a motion to set aside default judgment, pursuant to Civ.R. 60(B). Appellant asserted in his motion that his failure to answer was the result of mistake, inadvertence, surprise or excusable neglect insofar has he suffered health problems and had undergone surgery on November 15, 1999, and was not released until January 23, 2000. Appellant stated, "The process of recovery from surgery and Defendants [sic] ongoing heath [sic] concerns and the confusion of the holiday season, delayed his attempts to obtain counsel in this matter."
With appellant present, the trial court proceeded with hearing on March 23, 2000. Appellant's motion was discussed at hearing. The trial court deemed admitted the requests for admissions filed by appellees. Given that appellant admitted to having been appellees' attorney of record and that his actions as attorney fell below the appropriate standard of care, the trial court inquired as to what appellant's defense to the present action would be, for purposes of Civ.R. 60(B). Appellant responded that an additional element of malpractice was that there would have been a different result had a defense been presented by him in the underlying action. Appellant asserted that there would have been no different outcome had he represented appellees better. The trial court denied appellant's Civ.R. 60(B) motion and continued with the assessment of damages hearing.[3]
At the hearing, Walter Smith testified that he had been in the home improvement business, but was semi-retired. In 1993, he had put a roof on the main part of the Rogers' home. In 1996, Mr. Rogers had contacted Walter about doing some additional roof work. On re-direct, Walter testified that he told Mr. Rogers that he would not do the work, but that "[m]aybe [he] could find somebody and recommend somebody, and [Rogers] asked [him] to do it, and that's all [he] did." On cross-examination, Walter testified that he asked "some of the fellows" he would see for coffee if anyone wanted to do the job. A man named John volunteered. Walter testified that he gave John the Rogers' address and told him that he wanted no part of it and that John should "deal with [Rogers] and do whatever [he'd] have to do." According to Walter, he did not know John's last name; John was not an employee of his, as Walter was not even in business in October 1996 when the fire occurred; he had no part in negotiating a deal between John and the Rogers; and received no payment for the work John did.
On cross-examination, appellant asked Walter if the repairs on the roof were to be completed as part of the roof warranty and whether the Rogers expected Walter to complete the work on the roof. Walter denied any knowledge of any warranty work and, in fact, stated that a flat roof is not under warranty.
Walter testified that he was sued by the Rogers after the fire and hired appellant to represent him. According to Walter, appellant did not keep appellees informed of the progress of their lawsuit. Upon notification from the court in the underlying action, Walter went to two hearings; only one of which appellant was present.[4] A judgment was entered on behalf of the Rogers, a judgment lien was placed on Walter's property, and a sheriff's deputy came out and tagged all of Walter's property, causing Walter and his wife to become very upset. Attorney Charles Boyk was hired at this point. Boyk filed a Civ.R. 60(B) motion in an attempt to vacate the Rogers' judgment in the underlying action. That motion was denied. At the time of the assessment of damages hearing in this case, Walter had been billed $2,212.50 by Boyk with respect to this case.
David Smith, Walter's son, also testified at the hearing. David testified that he had never been a partner in his father's company and never did any work on the Rogers' home. David stated that appellant had never discussed his defense with him and that he only first saw appellant at a debtor's exam. At that time, appellant indicated to appellees that he would represent them in the matter and "would handle it."
At the conclusion of the testimony in this case, appellant requested a continuance to allow him to call Attorney D. Casey Talbott, the Rogers' attorney, to discuss what evidence he would have presented in the underlying action against appellees. Although appellant argued that it may not be necessary to call Talbott because "I believe the burden of showing Mr. Talbott's case would have failed is upon Mr. Boyk, and there has been no evidence to that effect." Appellant's request was denied.
The Ohio Supreme Court in Vahila v. Hall (1997), 77 Ohio St.3d 421, specifically rejected an argument that the element of causation in the context of a legal malpractice action should require a plaintiff to prove that he or she would have been successful in the underlying matter(s) giving rise to the complaint. Vahila stated the following with respect to establishing an action for legal malpractice:
 "[W]e hold that to establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff,(2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. We are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. See * * * [Krahn v. Kenney (1989), 43 Ohio St.3d 103, 106]. However, we cannot endorse a blanket proposition that requires a plaintiff to prove, in every instance, that he or she would have been successful in the underlying matter. Such a requirement would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim."
 Vahila at 427-8.
In his first assignment of error, appellant argues that the trial court abused its discretion in refusing to grant his motion to set aside the default judgment. We, however, find that the trial court correctly denied appellant's Civ.R. 60(B) motion as appellant failed to establish that he had a meritorious defense or claim to present if relief was granted. See GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
Appellant argued before the trial court that his defense would be that appellees could not prove that the outcome of the underlying action would have been different had he presented a defense. We disagree. Appellees clearly established that they could have prevailed in the underlying action had appellant presented a defense. David stated he had no part in his father's business, and Walter testified that John was not an employee of his, but had merely told John about the roofing job. As such, appellant had no meritorious defense to appellees' legal malpractice action.
Accordingly, the trial court correctly denied appellant's motion to set aside the default judgment. Appellant's first assignment of error is therefore found not well-taken.
In his second assignment of error, appellant argues that the trial court applied the wrong measure of damages. Specifically, appellant argues that appellees would have to prove that the outcome of the underlying action would have been more favorable to them but for appellant's alleged breaches of duty. Interestingly, in support of his argument, appellant cites to portions of Vahila which were not the holding of the case.
In any event, we find that appellees did establish that their damages were proximately cause by appellant's breach of duty. Appellees presented evidence that they were not liable for the fire caused by "John." As such, appellant's failure to pursue appellees' defenses proximately caused appellees' damages.
Accordingly, we find that the trial court correctly awarded damages to appellees in the amount of the judgment entered against them due to appellant's negligence, for the amount of attorney fees incurred by them in pursuing their action against appellant, and for emotional distress. As such, appellant's second assignment of error is also found not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Walter Smith, et al. v. Lawrence Curtis, C.A. No. L-00-1138
 ___________________________________ Richard W. Knepper, P.J.
 Mark L. Pietrykowski, J., John R. Milligan, J., JUDGES CONCUR.
Judge John R. Milligan, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] Appellant argued before the trial court in this case that he filed an answer, but that it was stricken. Without having the record of Rogersv. Smith Builders before us, we are unable to make any determination in this regard.
[2] Appellees' request for admissions stated: (1) "Do you admit that you were the attorney of record in Rogers et al., v. Smith Buildersetc., et. al?"; and (2) "Do you admit your actions as attorney fell below the appropriate standard of care as an attorney in this case?"
[3] The trial court's denial of appellant's motion was filed on March 27, 2000.
[4] According to David Smith's testimony, appellant was present at a debtor's exam, after the judgment had been entered.