Louis Davis appeals from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment in favor of Mary Jo Marable, Michael Eckhart, Donald Brezine, and Thomas Baggott. The trial court also granted Montgomery County's motion to dismiss, but Davis does not appeal from this part of the decision.
Davis filed a complaint against Marable, Eckhart, Brezine, Baggott, and Montgomery County on June 27, 1997. The specific allegations against the defendants varied, but all of the allegations related to the administration of the estate of Davis' brother, Samuel Davis. Samuel Davis died in 1991, leaving a will that divided his property amongst his wife, Marable, and his children. Davis was appointed executor of his brother's estate in 1992, but he was removed as executor in 1993 at Marable's request. Baggott initially represented Davis as executor of the estate, but he was granted leave to withdraw in 1993 and was succeeded by Brezine. Brezine represented Davis as executor of the estate from approximately May 23, 1993 through November 15, 1993, when Davis was removed as executor. Eckhart represented Marable in the probate of the estate, and he was named executor of the estate after Davis was removed. See In re Estate of Davis (April 10, 1998), Montgomery App. No. 16698, unreported.
The probate court approved the final accounting of the estate on July 17, 1997. Davis appealed, asserting that his brother's marriage to Marable had been a sham, that he had been unlawfully removed as executor of the estate, and that his constitutional rights had been violated. We affirmed the judgment of the trial court. Davis, supra. We also dismissed a motion for summary judgment filed in this court attacking the alleged marriage between Samuel Davis and Marable. Id.
In his June 27, 1997 complaint, Davis alleged that Brezine had committed legal malpractice by filing "a suit in Plaintiff's name to sale [sic] [estate] property without his consent" and by "abandoning" and betraying him in the probate proceedings. He claimed that Baggott had also committed legal malpractice. Davis alleged that Marable had obtained estate assets by fraud and misrepresentation related to her alleged marriage to Samuel Davis. The allegation against Eckhart was unclear, but the trial court, construing the language in a light most favorable to Davis, interpreted the complaint to allege breach of a fiduciary duty and legal malpractice. Each of these defendants filed a motion for summary judgment, and the trial court granted the motions. The allegations relating to Montgomery County were unspecific, but Davis claimed that Probate Court Judge George Gounaris had violated his constitutional rights by removing him as executor of the estate. The county filed a motion to dismiss, and that motion was also granted.
Davis raises six assignments of error on appeal, which are paraphrased herein. We address the assignments in the order that facilitates our discussion.
 I. THE TRIAL COURT ERRED IN SUSTAINING APPELLEE THOMAS BAGGOTT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE COURT FAILED TO CONSIDER APPELLANT'S "MEMORANDUM TO DENY THOMAS M. BAGGOTT REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT" AND APPELLANT'S "MOTION TO STRIKE DEFENDANT BAGGOTT'S MOTION FOR SUMMARY JUDGMENT."
Davis claims that the trial court erred in failing to consider his Motion to Strike Baggott's Motion for Summary Judgment and his Memorandum to Deny Baggott's Reply Memorandum in Support of Motion for Summary Judgment. The motion and memorandum at issue were filed after and in addition to Davis's initial response to the motion for summary judgment.
Local Rule 2.05(II)(B) states that "[a]ll parties opposing motions shall file and serve a memorandum in opposition to the motion that has been filed and served against them" within fourteen days from the time notice of the motion was received. Baggott filed his motion for summary judgment on August 7, 1997, and Davis filed a response on August 14, 1997. The motion and memorandum at issue in this assignment of error were both filed on September 8, 1997. The trial court did not refer to these filings in any way, and because the court did not refer to these filings, Davis infers that it refused to consider them.
Neither Civ.R. 56(C) nor Local Rule 2.05(II)(B) entitles one against whom a motion for summary judgment has been filed to file multiple responses to the motion. Thus, even assuming that the trial court did refuse to consider Davis's motion and memorandum of September 8, 1997, the trial court's refusal to consider multiple filings in response to the same motion without leave of court was, in our judgment, a reasonable exercise of its discretion. Given the trial court's careful consideration of Davis's claims and the absence of any reference to these filings, however, we think it more likely that the trial court simply did not have Davis's motion and memorandum before it when it ruled on Baggott's motion for summary judgment. Local Rule 2.05(II)(C) gives the clerk of courts three days to deliver a motion to the judge to whom a case has been assigned. Davis's motion and memorandum were filed on September 8, and the trial court's decision on Baggott's motion for summary judgment was filed on September 11. Thus, it is possible that the trial court was unaware of the additional documents when it filed its decision. In any event, because Davis had no right to file additional materials in support of his position, we find that he suffered no material prejudice as a result of the trial court's actions.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR RECONSIDERATION OF ITS DECISION TO GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLEE BAGGOTT.
 IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE BREZINE BASED ON THE STATUTE OF LIMITATIONS BECAUSE BREZINE WAS INVOLVED IN COGNIZABLE EVENTS AS LATE AS NOVEMBER 6, 1996.
 V. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES ECKHART AND MARABLE BASED ON THE STATUTE OF LIMITATIONS BECAUSE THEY WERE INVOLVED IN COGNIZABLE EVENTS AS LATE AS NOVEMBER 6, 1996.
In his second assignment of error, Davis contends that the trial court should have granted his motion for reconsideration of the summary judgment in favor of Baggott because his motion demonstrated errors of fact regarding the tolling of the statute of limitations on his legal malpractice action against Baggott. Davis's motion for reconsideration asserted that, although Baggott's representation of the estate had ended in 1993, there had been two "cognizable events" putting Davis on notice of the need to pursue a legal malpractice action within the year preceding the filing of his complaint. The events cited by Davis were Baggott's filing of a brief with the supreme court related to Davis's appeal of this court's denial of a writ of mandamus and the supreme court's November 6, 1996 decision on that appeal. Similarly, Davis contends in his fourth and fifth assignments of error that the trial court erred in granting summary judgment in favor of Brezine, Eckhart, and Marable based on the tolling of the statute of limitations because these parties had participated in the appeal of the denial of his writ of mandamus decided by the supreme court on November 6, 1996. That date was within one year of the filing of Davis's complaint.
The statute of limitations applicable to a legal malpractice action is one year. R.C. 2305.11(A). An action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney- client relationship for that particular transaction or undertaking terminates, whichever occurs later. Zimmie v.Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, syllabus. A "cognizable event" is an event which suffices to alert a reasonable person that his attorney has committed an improper act in the course of legal representation. Spencer v. McGill (1993),87 Ohio App.3d 267, 278. The existence of an attorney-client relationship giving rise to a duty on the part of the attorney is an element of a legal malpractice action. Krahn v. Kinney (1989),43 Ohio St.3d 103, 105.
The trial court granted summary judgment in favor of Baggott and Brezine because Davis had failed to submit any evidence that the attorneys' representation of him had terminated within the year preceding the filing of the legal malpractice claim or that he had first become aware of a possible claim against them within that year. Without showing one of these conditions, Davis's action was untimely. Zimmie, supra. No evidence was presented that either attorney had represented Davis later than 1993, and Davis's filing of a complaint for a writ of mandamus against the attorneys on January 2, 1996 demonstrated that Davis had known of his alleged need to pursue a remedy against the attorneys by that date. Because the events triggering the statute of limitations on Davis's claims against Baggott and Brezine occurred more than one year prior to the filing of his complaint, the trial court properly granted their motions for summary judgment.
Davis apparently believes that so long as the attorneys continued to interact with him and the courts by responding to his various filings, cognizable events continued to occur from which he could calculate the running of the statute of limitations. This is not the case. When the attorney-client relationship has ended, the statute runs from the first cognizable event placing a client on notice of a possible legal malpractice claim, which obviously occurred no later than January 1996.
The trial court granted Eckhart's motion for summary judgment on Davis's legal malpractice claim because Eckhart and Davis had never had an attorney-client relationship. Eckhart served as executor of the estate and represented Marable, but he did not represent Davis at any time. Thus, summary judgment was appropriate on this legal malpractice claim. Krahn, supra, at 105.
The trial court determined that Davis's complaint also alleged breach of fiduciary duty against Eckhart. Specifically, Davis claimed that Eckhart had improperly disbursed estate assets by giving the proceeds from the sale of marital property to Marable rather than to Samuel Davis's children. The proceeds of the sale were distributed, however, in accordance with the terms of Samuel Davis's will, which was not challenged by his children or by Davis in the probate court. The trial court properly concluded that Davis had failed to create a genuine issue of material fact that Eckhart had breached his fiduciary duty when it granted summary judgment on this claim.
Davis's complaint against Marable challenged the validity of her marriage to Samuel Davis. The trial court granted Marable's motion for summary judgment on this claim on the grounds of resjudicata. Davis previously raised this issue on appeal from the probate court's settlement of the estate. On April 10, 1998, we held that Davis had not taken appropriate action to challenge the will if he had a basis for doing so and that Samuel Davis's will was effective to create bequests to Marable regardless of whether she was his surviving spouse. Davis, supra. Because Davis was not entitled to relitigate this issue, the trial court acted properly in granting Marable's motion for summary judgment.
The second, fourth, and fifth assignments of error are overruled.
 III. THE TRIAL COURT SHOULD NOT HAVE RULED ON APPELLEE BREZINE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLANT DAVIS DID NOT KNOW ABOUT THAT MOTION OR HAVE A CHANCE TO RESPOND.
Under this assignment of error, Davis seems to claim both that he did not know about Brezine's September 8, 1997 motion for summary judgment until November 25, 1998, the date of the trial court's decision granting that motion, and that the trial court erred in stating that he had "filed no response" to the motion. To the extent that Davis claims that he did not have an opportunity to respond to the motion because he did not know about it, the record refutes his claim. The record contains a "Motion to Strike Defendant Donald Brezine's Motion for Summary Judgment," which was filed by Davis on September 17, 1997. We view the trial court's statement that Davis "filed no response" to refer to the nature of his response, rather than its existence, i.e. Davis filed a motion to strike and not a memorandum in response to the motion for summary judgment. We do not see how Davis could have been prejudiced by this accurate characterization.
The third assignment of error is overruled.
 VI. THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE THAT APPELLEES BAGGOTT, BREZINE AND ECKHART HAD WORKED IN CONCERT TO UNLAWFULLY FUNNEL MONEY TO APPELLEE MARABLE AND TO INFLATE THEIR LEGAL FEES.
This assignment of error addresses the substance of Davis's legal malpractice claims against Baggott, Brezine, and Eckhart. In order to pursue these claims, Davis was required to file an action within the applicable statute of limitations. Because he failed to do so, the trial court correctly refused to consider these claims.
The sixth assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Louis Davis
Susan Blasik-Miller
Julie M. Olson
Michael R. Eckhart
Hon. Barbara P. Gorman