DECISION
On August 24, 1999, plaintiffs-appellants Ronald E. Moton, Sr., Ardelphia Moton, and Joe Holley, filed a complaint against defendants-appellees Attorneys Donnita Carroll, L. Ruben Boykin and Phil Cameron alleging that appellees are liable to appellants for legal malpractice. By decision filed August 7, 2000 and journalized September 6, 2000, appellee Phil Cameron was dismissed on motion for failure of appellants to state a claim upon which relief could be granted. At the same time, summary judgment was granted in favor of appellee Donnita Carroll on the basis that appellants' claims against her were barred as a matter of law because appellants did not file their action against her until after the applicable statute of limitations had expired. The underlying action remained pending against appellee L. Rubin Boykin. Ultimately, appellee L. Rubin Boykin was found to have been negligent in his representation of appellants and a hearing was held on damages. On March 28, 2001, the magistrate issued a decision and awarded damages in the amount of $1,100. By decision dated June 5, 2001, the court overruled objections and adopted the magistrate's decision as its own.
Thereafter, appellants filed a notice of appeal and purportedly set forth six assignments of error. Unfortunately, appellants presentation of their assignments of error are disjointed, extremely difficult to follow, and do not conform with the requirements of App.R. 16 and 19. However, the substance of appellants' allegation of error on the part of the trial court can be summarized as follows: (1) the trial court erred in granting summary judgment in favor of appellee Carroll; (2) the trial court erred in adopting the magistrate's decision awarding $1,100 in damages.
Turning to what we have designated as appellants' first assignment of error, the question is whether or not the trial court was correct in granting summary judgment to appellee Carroll by ruling that, as a matter of law, the one-year statute of limitations on a legal malpractice cause of action had lapsed by the time appellants filed their complaint against her on August 24, 1999. For the reasons that follow, this court finds that the trial court did not err in this regard.
Ohio law requires that an action for legal malpractice must be brought within one year after the cause of action accrued. R.C. 2305.11(A). In Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, paragraph one of the syllabus, the Ohio Supreme Court explained when the cause of action for legal malpractice accrues:
 Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. * * *
Appellants' claim for legal malpractice against appellee Carroll arose out of her legal representation provided them in Moton v. DiPaolo/Sysco Food Serv., Inc. (June 17, 1998), Franklin Cty. C.P. No. 97CVC08-7832, unreported. In that case, the trial court issued a decision granting summary judgment in favor of defendants and against plaintiffs, appellants herein, on February 10, 1998, and the decision was journalized March 9, 1998. The record indicates that appellee Carroll wrote to appellants on March 4, 1998, expressing her sorrow over the decision which had been unfavorable to appellants, returning part of appellants' retainer, and making arrangements to refund the balance of the retainer. Appellee Carroll arranged a meeting between appellants and appellee Cameron on March 28, 1998, to discuss whether appellee Cameron would represent appellants. On April 6, 1998, appellee Cameron filed a motion for relief from judgment on appellants' behalf which was ultimately denied.
Based on the evidence, the trial court found that appellee Carroll's claim that her attorney-client relationship with appellants ended, at the latest, on April 6, 1998, when appellee Cameron entered an appearance on their behalf to seek relief from the prior judgment against them. Further, the trial court found that appellee Carroll provided no legal service to appellants after March 28, 1998, when appellants, appellee Carroll and appellee Cameron met and agreed that appellee Cameron would file a motion for relief from judgment on appellants' behalf.
Based upon the referenced factual background, the trial court applied the standard as outlined in Zimmie, and concluded that the latest date upon which appellants' claim of legal malpractice could have accrued against appellee Carroll was March 28, 1998, and that the statute of limitations began to run on that date. Because Ohio law requires that a claim of legal malpractice must be filed within one year from the date it accrued, the trial court concluded that, in order to maintain an action for legal malpractice against appellee Carroll arising out of her representation of appellants, the law required appellants to file this case no later than March 28, 1999. Appellants did not file their action against appellee Carroll until August 24, 1999, almost five months after the applicable statute of limitations had expired. As such, the trial court correctly found that appellants' claims against appellee Carroll were barred as a matter of law.
Upon review of the record, this court finds that the trial court committed no error in determining that appellants had filed their claim of legal malpractice against appellee Carroll beyond the one-year statute of limitations. As such, appellee Carroll was entitled to judgment as a matter of law, and the trial court did not err when it entered summary judgment in her favor. Accordingly, appellants' first assignment of error is not well-taken and is overruled.
In their second assignment of error, appellants assert that the trial court erred in affirming the magistrate's decision awarding appellants $1,100 as damages against appellee Boykin. For the reasons that follow, this court finds that the trial court did not err.
In order to establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show: (1) that the attorney owed a duty or obligation to plaintiff; (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law; and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss. See Krahn v. Kinney (1989), 43 Ohio St.3d 103, and Vahila v. Hall (1997),77 Ohio St.3d 421.
Because a default judgment had been rendered against appellee Boykin, the court concluded that appellee Boykin owed a duty or obligation to appellants, that he breached that duty or obligation, and that he failed to conform to the standard required by law. As such, a hearing was held on the issue of damages.
The underlying action in Moton, supra, was one for malicious prosecution. In an action for malicious prosecution, a plaintiff does not need to prove, with absolute certainty, that they would have prevailed on the malicious prosecution action. See Frump v. Conley (Feb. 17, 2000), Franklin App. No. 99AP-561, unreported. However, plaintiffs must provide some evidence of the merits of the underlying claim.
The magistrate concluded that appellants did not present any competent evidence that they were likely to prevail on the underlying malicious prosecution action. Instead, appellant Moton had acknowledged that he had signed a cognovit note, the validity of which has never been challenged. When a party executes a cognovit note, he acknowledges that he owes the money it represents and gives consent to the party holding the note to use legal process to collect the debt if he fails to pay the note when it is due. See R.C. 2323.12 and 2323.13. The holder of the cognovit note was granted judgment against appellant Moton and attempted to enforce that judgment by attaching certain property of Moton. The court found that a party cannot confess judgment under oath and then later attempt to maintain a cause of action for abuse of process or malicious prosecution when the holder of the judgment simply attempts to enforce that judgment. Based on the foregoing, the record reflects that the court properly concluded that appellants did not present any competent evidence that they were likely to prevail on the underlying malicious prosecution action.
Before legal malpractice can occur, the client must have incurred damages which were directly and proximately caused by the attorney's malpractice. See Northwestern Life Ins. Co. v. Rogers (1989),61 Ohio App.3d 506. Compensatory damages must be shown with certainty, and damages which are merely speculative will not give rise to recovery. Endicott v. Johrendt (June 22, 2000), Franklin App. No. 99AP-935.
In the present case, appellant Moton testified at some length regarding his contention that he had sustained between $300,000 and $400,000 worth of damages as a result of appellee Boykin's legal malpractice. Appellant did not present any evidence to the court to substantiate his claims except to give his own testimony as to how much money he could have made if his equipment had not been attached and the value of the property attached. The only evidence actually presented consisted of copies of the $1,500 check that appellants provided appellee Carroll as a retainer and a copy of appellee Carroll's check which was returned to appellants in the amount of $400.
Based upon the above evidence, the court found that appellants had only proven damages in the amount of $1,100, which represented the remainder of the retainer which appellants had paid. The trial court's decision is supported by evidence and appellants' second assignment of error is not well-taken and is overruled.
Based on the foregoing, appellants' assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellee Donnita Carroll and awarding damages to appellants in the amount of $1,100 is affirmed.
BOWMAN and BROWN, JJ., concur.