DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Express Mens, filed this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio (hereinafter "respondent or "the commission") to vacate its order that granted temporary total disability (hereinafter "TTD") compensation to Dini Abdulkadir (hereinafter "the claimant") beginning May 1, 2002 through September 30, 2003.
 {¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On May 31, 2005, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court grant a writ ordering the commission to vacate in part its January 29, 2004 order and to issue an order determining if TTD compensation should be awarded from December 17, 2002 through September 30, 2003, as a surgery conducted on December 17, 2002 constitutes new and changed circumstances. (Attached at Appendix A.)
 {¶ 3} The magistrate determined that TTD was properly denied from May 1, 2002 to December 12, 2002, the period before the surgery, as there was no evidence in the record to substantiate any new and changed circumstances prior to the date of the claimant's December 17, 2002 surgery. The magistrate also determined that TTD was wrongfully denied from December 17, 2002 to May 3, 2003, because when the commission denied TTD from May 1, 2002 to May 3, 2003, it applied the doctrine of res judicata to the May 1, 2002 to December 12, 2002 period. Therefore, the period of December 17, 2002 to May 3, 2003, was not formally before the commission for determination. The magistrate also found that the period from May 3, 2003 to September 30, 2003 had been included in the period of TTD granted to the claimant because it was determined by a staff hearing officer ("SHO") that based on the September 16, 2003 C-84 of Dr. Holtzmeier, TTD should be awarded until September 30, 2003. No appeal of this determination was allowed by the commission. Based on these findings, the magistrate determined that the commission had abused its discretion and recommended that this court grant a writ of mandamus ordering the commission to vacate in part its January 29, 2004 order and to issue an order determining whether TTD compensation should be awarded from December 17, 2002 through September 30, 2003.
 {¶ 4} Respondent Industrial Commission timely filed an objection to the magistrate's decision, which is now before this court. Respondent agrees with the magistrate's conclusion that the surgery conducted on December 17, 2002 constituted a new and changed circumstance, however, it objects to the time period the magistrate has recommended for determination of whether TTD compensation is appropriate. Respondent requests that this court issue a writ ordering the commission to only consider whether TTD should be awarded from May 3, 2003 to September 30, 2003.
 {¶ 5} After a review of the magistrate's decision and an independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, respondent's objection to the magistrate's decision is overruled. We therefore adopt the magistrate's decision as our own, including the findings of fact and the conclusion of law contained therein.
 {¶ 6} In accordance with the magistrate's decision, we issue a writ of mandamus ordering the commission to vacate in part its January 29, 2004 order and to issue an order determining whether TTD compensation should be awarded from December 17, 2002 through September 30, 2003. Since this period will now be properly before the commission, the parties may properly assert to the commission all applicable arguments relevant to the determination of TTD compensation.
Objection overruled; writ of mandamus granted.
Bryant and Petree, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Express Mens, :
 Relator, :
 v. : No. 04AP-1137
Industrial Commission of Ohio : (REGULAR CALENDAR)
and Dini Abdulkadir, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on May 31, 2005 Vorys, Sater, Seymour and Pease, LLP, Corrine S. Carman and Bethany R.Thomas, for relator.
Jim Petro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.
IN MANDAMUS.
 {¶ 7} Relator, Express Mens, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Dini Abdulkadir ("claimant") beginning May 1, 2002 through September 30, 2003, after having found new and changed circumstances. Relator contends that res judicata applies to bar the award for the entire time period.
Findings of Fact:
 {¶ 8} 1. Claimant sustained a work-related injury on August 27, 2001, and his claim has been allowed for "torn anterior cruciate ligament of the left knee."[1]
 {¶ 9} 2. Claimant received TTD compensation from February 23 to March 26, 2002, pursuant to the June 27, 2002 district hearing officer ("DHO") order. The DHO denied further TTD compensation based upon a finding that claimant's currently allowed conditions had reached maximum medical improvement ("MMI") based upon the April 18, 2002 report of Dr. McCloud and the April 30, 2002 report of Dr. Ashton.
 {¶ 10} 3. Claimant appealed and the matter was heard before a staff hearing officer ("SHO") on August 12, 2002, and resulted in an order affirming the prior DHO order with modifications. Specifically, the SHO noted that claimant returned to work from April 9 through April 30, 2002, and that claimant is requesting the payment of TTD compensation from May 1, 2002 and to continue; however, as the SHO noted, that period of disability was not at issue at the hearing. The SHO noted that Dr. Ashton had filed an additional C-84 requesting treatment from August 26, 2001 on; however, the SHO denied that on the basis that claimant had been found to have reached MMI.
 {¶ 11} 4. Claimant's further appeal was refused by order of the commission mailed August 8, 2002.
 {¶ 12} 5. Claimant filed a request for surgery and requested further TTD compensation beginning May 1, 2002 pursuant to a C-84 dated December 12, 2002 and supported by a letter from his treating physician Dr. Brant Holtzmeier.
 {¶ 13} 6. On December 17, 2002, surgery was performed on claimant's left knee. The pre-operative and post-operative diagnoses were: "Torn anterior cruciate ligament, left knee."
 {¶ 14} 7. Claimant's request to authorize the surgery and for TTD compensation was heard before a DHO on February 14, 2003. The DHO authorized the anterior cruciate ligament reconstruction surgery on the left knee based upon a finding that it was medically necessary and reasonably related to the allowed conditions in the claim based upon narrative reports of Drs. Holtzmeier (dated May 1, June 24, and October 11, 2002) and J. Paul Martz (dated June 13, October 3, and February 6, 2003), the December 9, 2002 operative report and the November 7, 2001 report of Dr. Jones, and relator's independent medical examiner; however, with regard to the request for TTD compensation, the DHO denied the request of compensation from May 1 through September 25, 2002, based upon a finding that there is no medical evidence documenting new and changed circumstances or a flare-up or worsening of claimant's condition beginning May 5, 2002, or at any time during the period through September 25, 2002. Furthermore, the DHO noted that there was no medical evidence in the file certifying TTD compensation beyond September 25, 2002 and, as such, the DHO did not rule upon the time period beyond September 25, 2002.
 {¶ 15} 8. Claimant appealed and the matter was heard before an SHO on April 29, 2003. The SHO vacated the prior DHO order in its entirety, denied authorization of surgery upon a finding that there was no narrative report causally relating the surgery to the industrial injury, and finding that no further TTD compensation was payable based upon the previous finding that claimant had reached MMI and further upon a finding of no evidence of exacerbation or flare-up of the claimant's condition.
 {¶ 16} 9. Relator's further appeal was heard before the commission on July 1, 2003. The commission vacated the prior SHO order, granted authorization for surgery, but found that TTD compensation from May 1, 2002 through May 3, 2003 was not properly payable at this time for the following reasons:
* * * The C-84 reports from Drs. Holtzmeier and Martz do not certify that temporary total disability is based solely on the allowed condition. As such, those C-84 reports cannot be relied upon because, in addition to certifying disability due to the allowed condition of "torn anterior cruciate ligament of the left knee," the C-84 reports also certify that disability is due to the nonallowed condition of "left knee strain and sprain."
 {¶ 17} 10. Claimant filed a request for reconsideration asserting that TTD compensation was only being requested through January 7, 2003, and that the commission abused its discretion by denying TTD compensation beyond January 7, 2003, inasmuch as claimant was not requesting compensation beyond January 7, 2003. Furthermore, claimant argued that his request for TTD compensation was well documented and should have been granted from May 1, 2002 through January 7, 2003.
 {¶ 18} 11. Claimant's request for reconsideration was denied by order of the commission mailed September 17, 2003.
 {¶ 19} 12. Thereafter, claimant filed a new C-84, dated April 14, 2003, seeking the payment of TTD compensation from May 1, 2002 through August 29, 2003, as certified by Dr. Holtzmeier.
 {¶ 20} 13. Claimant's motion was heard before a DHO on November 19, 2003. The DHO denied TTD compensation from May 1, 2002 through May 3, 2003, on the basis of res judicata and cited the DHO order of February 14, 2003, the SHO order of April 28, 2003, and the commission order dated July 1, 2003. Furthermore, the DHO denied TTD compensation from May 4 through August 30, 2003, as follows:
Regarding the requested period of temporary total compensation from 05/04/2003 to 08/30/2003, District Hearing Officer finds insufficient medical proof to support temporary total disability over this period. Claimant was released from the care of Dr. Martz on 04/10/2003 per letter (04/10/2003). There were very few objective findings noted in Dr. Martz' 04/10/2003 report. The next dated medical record is the 05/29/2003 office note of Dr. Holtzmeier. District Hearing Officer finds no clinical objective findings in this note to support temporary total disability. Dr. Holtzmeier notes "some pain," but finds no effusion, no infection and does not give any objective findings to support claimant's disability from work. The C-84 dated 04/14/2003 also does not give any objective clinical findings, other than "status post arthroscopic sprain/strain left knee." Claimant had surgery on his left knee on 12/09/2002. The subsequent office note (06/25/2003) also fails to support temporary total disability with objective clinical findings. There are no other medical records for the period at issue.
Therefore, temporary total compensation is denied from 05/04/2003 to 08/30/2003.
 {¶ 21} 14. Claimant appealed and the matter was heard before an SHO on January 29, 2004. The SHO vacated the prior DHO order in full and granted a closed period of TTD compensation from May 1, 2002 through September 30, 2003, as follows:
It is the finding of the Staff Hearing Officer that temporary total disability compensation is awarded from 05/01/2002 through 09/30/2003 inclusive (closed period). The injured worker's representative indicated they are not seeking temporary total disability compensation after 09/30/2003 and the injured worker actually returned to work with U.S.A. Taxi Cab Co., Cleveland, Ohio on 10/15/2003.
The basis for this decision is the new and changed circumstances created by the filing of a new C-84 report dated 09/16/2003 from Dr. Brant Holtzmeier (injured worker's attending physician). The injured worker testified through his interpreter that he did not work for any employer over the period in question and only recently moved to the Cleveland, Ohio area to begin a new job as a taxi cab driver. Dr. Holtzmeier opined in his most recent C-84 report that the allowed condition of "torn anterior cruciate ligament of the left knee" caused extensive disability over the time period in question eventually resulting in approved surgery on the left knee on 12/09/2002.
Therefore, under Sec. 4123.52 O.R.C. new and changed circumstances have occurred warranting the payment of temporary total disability compensation over the period in question. The most recent C-84 report (dated 09/16/2003) from Dr. Holtzmeier corrects previous reports on file and is the report relied upon in making this award of temporary total disability compensation.
 {¶ 22} 15. Relator's appeal was refused by order of the commission mailed February 25, 2004.
 {¶ 23} 16. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 24} In this mandamus action, relator contends that the commission abused its discretion by granting an award of TTD compensation to claimant for the period of May 1 through September 30, 2003 for the following reasons: res judicata applies to bar payment of TTD compensation from May 1, 2002 through September 17, 2003, and because Dr. Holtzmeier's April 14, 2003 C-84 does not constitute "some evidence" upon which the commission could rely in granting TTD compensation thereafter.
 {¶ 25} In determining this action, the magistrate notes that some difficulty is posed, in part, by the fact that claimant's first motions seeking the payment of TTD compensation also sought authorization for the surgery to correct the allowed condition of torn anterior cruciate ligament of the left knee. Claimant filed his motion requesting surgery and TTD compensation beginning May 5, 2002 on December 12, 2002. Thereafter, surgery was performed on claimant December 17, 2002. The post-operative notes specifically indicate that claimant did indeed have a torn anterior cruciate ligament. Based in large part upon the post-operative report, the commission ultimately authorized the surgery after it had taken place. However, prior to the surgery, claimant had been found to have reached MMI pursuant to the April 18, 2002 report of Dr. McCloud and the April 30, 2002 report of Dr. Ashton. Upon review of the medical evidence, the magistrate concludes that the commission was undoubtedly correct in finding that claimant did not produce any evidence of new or changed circumstances warranting a new period of TTD compensation after he was found to have reached MMI and prior to the December 17, 2002 surgery.
 {¶ 26} The problem in this case arises, in part, because claimant's request for surgery and TTD compensation was not heard before a DHO until February 14, 2003. At that time, the DHO authorized surgery but denied TTD compensation from May 1 through September 25, 2002, on the basis of no documentation regarding new and changed circumstances or a flare-up. As stated in the previous paragraph, this magistrate found no evidence in the record at all to substantiate any new and changed circumstances prior to the actual date of surgery.
 {¶ 27} Unfortunately, by order dated April 29, 2003, an SHO vacated the prior DHO order authorizing surgery and further denied the request for TTD compensation. Thereafter, the commission vacated the April 29, 2003 SHO order, authorized surgery but noted that TTD compensation was being denied from May 1, 2002 through May 3, 2003 "at this time" because the C-84s from Drs. Holtzmeier and Martz certified TTD compensation for both torn anterior cruciate ligament of the left knee as well as left knee strain and sprain, which is a nonallowed condition.
 {¶ 28} Thereafter, claimant filed a new C-84 form dated August 25, 2003, again seeking the payment of TTD compensation from May 1, 2002 and continuing. Relator argued, before the commission, that res judicata applied to bar the payment of TTD compensation from May 1, 2002 through May 3, 2003. When the matter was heard before a DHO on November 19, 2003, the DHO agreed. The DHO also denied the payment of further TTD compensation from May 4 through August 30, 2003, based upon insufficient medical proof, the fact that Dr. Martz released claimant from his care on April 10, 2003, and because there was no objective findings to support the claim.
 {¶ 29} Thereafter, an SHO vacated the prior DHO order and granted the closed period of TTD compensation from May 1, 2002 through September 30, 2003, based upon a finding of new and changed circumstances based upon the September 16, 2003 C-84 of Dr. Holtzmeier. That C-84 certifies a period of TTD from May 1, 2002 through September 30, 2003, based upon the allowed condition and specifically notes that the status is post-arthroscopic surgery of the left knee.
 {¶ 30} The biggest problem in this case is the medical evidence. The early C-84s of claimant listed two conditions as causing TTD: the allowed condition of torn anterior cruciate ligament left knee as well as the nonallowed condition of strain/sprain left knee. Because the C-84s certify TTD in part based upon nonallowed conditions, claimant's original requests for TTD compensation were denied, including the ones relative to the period immediately following the surgery which had clearly been performed for an allowed condition. Late in the game, in September 2003, Dr. Holtzmeier finally filed a C-84 only listing the allowed condition of torn anterior cruciate ligament of the left knee and requesting TTD compensation from May 1, 2002 through September 30, 2003. At this point in time, the issue becomes what can properly be done based upon the evidence in the record.
 {¶ 31} This magistrate has no doubt that res judicata applies to bar at least part of the requested period of TTD compensation. The question becomes, however, what is that time period? On January 23, 2003, when the commission denied TTD compensation from May 1, 2002 through May 3, 2003, the commission was hearing appeals based upon the claimant's original request that surgery be authorized and that TTD compensation be paid. That motion was originally filed December 12, 2002. In reviewing the medical evidence, it is clear that there is no medical evidence in the record showing any new and changed circumstances which would warrant the payment of TTD compensation beyond March 26, 2002, until the date that claimant had surgery on December 17, 2002. Unfortunately, claimant did not submit any competent medical evidence certifying him as temporarily and totally disabled from the date of surgery through any other period until September 16, 2003, when Dr. Holtzmeier completed a C-84 listing only the allowed condition in the claim. Inasmuch as res judicata applies to preclude the relitigation of an issue which was actually unnecessarily litigated and determined in a prior action, Krahn v. Kinney (1989),43 Ohio St.3d 103, the magistrate finds that the only issue that was actually litigated and determined by a prior action was the requested period of May 1 through December 12, 2002, the date claimant's motion requesting the authorization of surgery and the payment of TTD compensation was actually filed. That was litigated and it was determined that surgery was medically necessary and related to the allowed condition and, as such, the surgery was authorized. However, TTD compensation was denied based upon a lack of evidence of new and changed circumstances or an exacerbation of the condition. As such, relying upon the fact that it had been determined that claimant's condition had reached MMI, that period of TTD compensation was not payable. The magistrate is mindful that the commission, on July 23, 2003, went ahead and denied TTD compensation through May 3, 2003; however, the magistrate finds that that entire period was not formerly in front of the commission for determination. As such, the magistrate finds that res judicata did not apply to the entire time period, only through December 12, 2002.
 {¶ 32} Thereafter, claimant filed another C-84 on August 25, 2003, seeking the payment of TTD compensation beginning May 1, 2002. As stated previously, it is clear that up until the date of surgery, claimant had failed to present any evidence of new and changed circumstances which would warrant the payment of TTD compensation following the original finding that claimant had reached MMI. However, because the magistrate finds that the commission wrongfully denied TTD compensation beyond the date of surgery when that issue was not before the commission, the commission wrongfully denied TTD compensation from December 17, 2002, the date of the surgery, through May 3, 2003, based upon a finding of res judicata. The magistrate finds that this constituted an abuse of discretion and that writ of mandamus is appropriate in this case.
 {¶ 33} Based on the foregoing, the magistrate finds that the commission's order of July 23, 2003, constituted an abuse of discretion inasmuch as it denied TTD compensation beyond December 17, 2003, as that time period was not properly before the commission. As such, the magistrate finds that the commission's order of July 23, 2003, properly denied TTD compensation from May 1 through December 16, 2002. The magistrate finds that the commission abused its discretion in awarding TTD compensation from May 1, 2002 through the entire period of September 30, 2003, as res judicata applies to bar an award from May 1 through December 16, 2002. The surgery on December 17, 2002, noted in Dr. Holtzmeier's September 16, 2003 C-84, is a new and changed circumstance which would warrant the payment of TTD compensation for a reasonable time following surgery. As such, this court should issue a writ of mandamus ordering the commission to vacate in part its January 29, 2004 order and to issue an order determining if TTD compensation should be awarded from December 17, 2002 through September 30, 2003, as the surgery constitutes new and changed circumstances.
[1] On May 23, 2005, the parties filed a joint supplement to the stipulated record, including copies of certain Ohio Bureau of Workers' Compensation documents also listing "sprain of knee leg nos left" as an allowed condition. However, because this is a self-insured claim and because all but one commission order do not list this additional condition as allowed, and no one has raised this as an issue, the magistrate finds this claim allowed solely for "torn anterior cruciate ligament of the left knee."