**TOLLIVER, Appellant,**

v.

**McDONNELL, Appellee.**

[Cite as *Tolliver v. McDonnell,* 155 Ohio App.3d 10, 2003-Ohio-5390.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82719.

Decided Oct. 9, 2003.

Jane Timonere, for appellant.

John C. Coyne, for appellee.

JAMES J. SWEENEY, Judge.

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2} Plaintiff-appellant, Charles Tolliver Jr., appeals from the trial court's judgment that dismissed his claim for legal malpractice as untimely. For the reasons that follow, we affirm.

{¶ 3} A Cuyahoga County Grand Jury indicted plaintiff in May 2000 for conspiracy to commit aggravated murder and aggravated murder. Due to plaintiff's indigence, the court appointed two attorneys, one being defendant-appellee, James J. McDonnell, to represent him. In October 2000, a jury acquitted plaintiff of aggravated murder but found him guilty of conspiracy to commit aggravated murder. The court sentenced plaintiff to serve a term of incarceration. In October 2000, defendant moved to withdraw as plaintiff's appellate counsel, and the court granted the motion. The court then appointed plaintiff new counsel for purposes of appeal.

{¶ 4} In correspondence dated November 27, 2000, plaintiff instructed his newly appointed appellate counsel to assert a claim of ineffective assistance of

counsel for failing to assert a statute-of-limitations defense on the charge of conspiracy to commit aggravated murder. That attorney raised this issue on plaintiff's behalf in the appeal filed in the criminal action on December 22, 2000. This court sustained that assignment of error, and ultimately the trial court discharged plaintiff on February 25, 2002.

{¶ 5} On March 14, 2002, plaintiff commenced this action, asserting legal malpractice against defendant related to the representation rendered in the criminal action. The trial court granted defendant's summary judgment motion and dismissed plaintiff's legal-malpractice claim as untimely.

{¶ 6} The sole issue plaintiff posits is "whether the statute of limitations associated with [plaintiff's] malpractice against [defendant] was effectively tolled until this court rendered its opinion in the [appeal of the criminal action]." We hold that it was not so tolled.

{¶ 7} We employ a de novo review in determining whether summary judgment was warranted.[1] *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; *Zemcik v. La Pine Truck Sales & Equip.* (1998), 124 Ohio App.3d 581, 585, 706 N.E.2d 860.

{¶ 8} "The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274." *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 370, 696 N.E.2d 201. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197.

{¶ 9} Generally, R.C. 2305.11(A) provides that "[a]n action for * * * malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued * * *." However, the Ohio Supreme Court has held that "[u]nder R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to

---

1. Summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.

pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus.

{¶ 10} "To state a cause of action for legal malpractice arising from criminal representation, a plaintiff must allege (1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, syllabus. In *Krahn*, the Ohio Supreme Court rejected the notion that a malpractice claim based on representation in a criminal case, required a reversal of the criminal conviction. Id. at 105–106, 538 N.E.2d 1058. Consequently, a plaintiff need only allege that he suffered damages "to withstand an attack on the sufficiency of [his] complaint." Id. Moreover, the "cognizable event" test does not require that a plaintiff know the full extent of his injury. *Zimmie*, supra.

{¶ 11} "A 'cognizable event' is an event sufficient to alert a reasonable person that in the course of legal representation his attorney committed an improper act." *Case v. Landskroner & Phillips Co., L.P.A.* (May 3, 2001), Cuyahoga App. No. 78147, 2001 WL 470169 (finding that a letter from new counsel suggesting that former counsel had committed malpractice was a cognizable event triggering statute of limitations). In *Case*, this court noted that "[i]n determining the cognizable event, 'the focus should be on what the client was aware of and not an extrinsic judicial determination.' " Id., quoting *Vagianos v. Halpern* (Dec. 14, 2000), Cuyahoga App. No. 76408, 2000 WL 1844752. We find that reasonable minds could only conclude that plaintiff was aware of the alleged malpractice no later than November 27, 2000, when he authored the letter to his appellate counsel. See *Zimmie*, supra, 43 Ohio St.3d at 58, 538 N.E.2d 398 (cognizable event is one which should have alerted a reasonable person that a questionable legal practice may have occurred); see, also, *Halliwell v. Bruner* (Dec. 14, 2000), Cuyahoga App. Nos. 76933 and 77487, 2000 WL 1867398.

{¶ 12} Last, plaintiff claims that the trial court lacked jurisdiction over the malpractice claim during the pendency of the appeal in the criminal matter. This is incorrect. Plaintiff could not raise a civil malpractice claim in the appeal of his criminal conviction; however, there is nothing to preclude the lower court from entertaining a civil suit based on legal representation in a separate criminal action. See *Belcher v. Lesley* (Dec. 12, 1995), Franklin App. No. 95APE05–663, 1995 WL 739898 ("[P]laintiff's malpractice action could not have been litigated in plaintiff's direct appeal from his conviction. See *Krahn*, supra. Therefore, the denial of plaintiff's ineffective assistance of counsel claim in [the first action] did not bar plaintiff from bringing a claim for legal malpractice.")

{¶ 13} Stated differently, the pendency of an ineffective-assistance-of-counsel claim in a criminal appeal does not divest the trial court of jurisdiction over an independent civil legal-malpractice action based on the alleged ineffective assistance. Id.; see, also, *Halliwell*, supra (statute of limitations against trial counsel began to run, inter alia, when defendant-appellant asserted ineffective assistance of counsel in the appeal of his criminal case).

{¶ 14} The judgment of the trial court is affirmed.

Judgment affirmed.

MICHAEL J. CORRIGAN, P.J., and COLLEEN CONWAY COONEY, J., concur.