OPINION
{¶ 1} On March 31, 1993, the Muskingum County Grand Jury indicted appellant, Gary Wion, on one count of rape in violation of R.C. 2907.02 (Case No. CR93-56).
 {¶ 2} On April 8, 1993, the Muskingum County Grand Jury further indicted appellant on two counts of kidnapping in violation of R.C. 2905.01 and one count of gross sexual imposition in violation of R.C. 2907.05 (Case No. CR93-65).
 {¶ 3} On April 14, 1993, appellant pled not guilty by reason of insanity. Following evaluations, the trial court found appellant was competent to stand trial.
 {¶ 4} On November 1, 1993, appellant pled guilty as charged. By judgment entry filed November 9, 1993, the trial court sentenced appellant to a total aggregate term of six to twenty-five years in prison.
 {¶ 5} On March 6, 2003, appellant filed a motion to withdraw his guilty pleas. A supplemental motion was filed on November 7, 2003. A hearing was held on November 10, 2003. By judgment entries filed February 12 and 13, 2004, the trial court denied the motion.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 7} "The trial court erred by abusing its discretion by denying defendant's motion to withdraw his guilty plea."
 I {¶ 8} Appellant claims the trial court erred in denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. We disagree.
 {¶ 9} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 10} Appellant argues his guilty pleas in 1993 were not voluntary because the medication he was taking, Paxil, had been increased just prior to the plea hearing.
 {¶ 11} Prior to the March 6, 2003 motion to withdraw his guilty pleas, appellant filed a motion to withdraw his guilty pleas on January 13, 1995, citing the following reasons:
 {¶ 12} "2. The defendant/petitioner underwent several psycological (sic) evaluations, which would confirm questionable mental state of mind.
 {¶ 13} "3. The defendant/petitioner contends that due process was not afforded.
 {¶ 14} "4. The defendant/petitioner contends that he could not be held responsible for his plea due to his confirmed mental state."
 {¶ 15} By journal entry filed March 22, 1995, the trial court denied the motion, finding the following:
 {¶ 16} "The court hereby dismisses Petitioner's action to withdraw his plea in captioned cases finding that no information is submitted therewith which would substantiate the allegations contained therein. The court has reviewed all of the proceedings wherein defendant's plea was entered and finds that it was voluntary and that defendant had been fully advised of all of his rights as provided by law."
 {¶ 17} No appeal was taken from this journal entry in either case.
 {¶ 18} In Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus, the Supreme Court of Ohio explained res judicata as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."
 {¶ 19} From our review of the record, the same issue was again raised in appellant's 2003 motion. Issue preclusion "precludes the relitigation of an issue that has been `actually and necessarily litigated and determined in a prior action.'"Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107, quotingGoodson v. McDonough Power Equipment, Inc. (1983),2 Ohio St.3d 193, 195.
 {¶ 20} Even if we were to address the assignment of error herein, we would find the evidence does not support appellant's argument that he was impaired.
 {¶ 21} Shiraz Rawji, M.D., performed a 1993 evaluation and diagnosis of appellant. Rawji depo. at 15. Just prior to the plea hearing, Dr. Rawji found appellant to be "bright" and "alert," and there was no indication that appellant was not competent. Id. at 23-25. Dr. Rawji stated the side effects of appellant's medications did not include the loss of competency. Id. at 24.
 {¶ 22} We note the trial court also reviewed the Crim.R. 11 dialogue between the trial court and appellant during the plea hearing.
 {¶ 23} Upon review, we find no showing of manifest injustice therefore, the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas.
 {¶ 24} The sole assignment of error is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.